HERB FOX, LIMITED, REALTORS, Plaintiff-Appellee, *v.* ROBERT W. STEWART, Defendant-Appellant.

Second District   No. 80-163

Opinion filed December 22, 1980.

Ralph A. Ketchum, of Ketchum & Hanson, of St. Charles, for appellant.

Ronald A. Baird, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Robert W. Stewart, the defendant, appeals from a summary judgment entered in favor of Herb Fox, Limited, Realtors, the plaintiff, for a $2,700 real estate brokerage commission. Defendant contends that the trial judge erred in concluding as a matter of law that defendant, by signing the sales contract with a prospective purchaser, accepted the purchaser and is therefore precluded from denying that he was ready, willing and able to perform.

From the pleadings and affidavits on file, it appears that plaintiff, a real estate brokerage, signed an exclusive listing agreement with defendant on December 27, 1976. The listing agreement was to cover the time period of December 27, 1976, to March 27, 1977, and was to continue in effect thereafter until terminated by either party upon 30 days written notice. Among the agreement's terms was a provision entitling plaintiff to a commission of 6 percent of the selling price of the property listed therein if the sale of the property was consummated or if plaintiff produced a ready, willing and able buyer who executed a contract to purchase. Plaintiff was to be entitled to the commission in the event of the sale or exchange of the property within the term of the agreement, or within 90 days after its termination if the purchaser was one to whom the property was offered during the term.

On January 13, 1977, defendant entered into a contract for the sale of the property with Countryside Homes, Inc. (Countryside). The closing was set for April 14, 1977, but was later extended to May 29, 1977. Defendant refused to grant Countryside a further extension, and Countryside refused to close on May 29. On hearing nothing further from Countryside, defendant determined that the contract for sale of the property was terminated. Defendant was later called by a managing broker of plaintiff and asked to close the transaction with Countryside on July 1, 1977. Defendant refused this request. On August 24, 1977, defendant served plaintiff with notice that the exclusive listing agreement concerning the property was terminated. Defendant and Countryside were involved in litigation concerning their agreement from July 27, 1977, to July 10, 1978. On the latter date, these parties entered into a new

agreement for sale of the property, and the transaction was closed the same day.

Plaintiff filed the present action for a commission on September 18, 1978. Defendant answered, denying the allegations of the complaint. Plaintiff's motion for summary judgment was granted on December 18, 1979. Defendant's motion to vacate was denied, and this appeal followed.

The primary issue presented is whether there were questions of fact as to whether the contract for the sale of the property initially was subject to conditions precedent which would preclude summary judgment. Even if the purchaser were found not to be ready, willing and able to perform initially, a further question is raised as to whether the broker was entitled to a commission on the subsequent sale of the property after the expiration of the exclusive right to sell agreement but to the same purchaser originally procured by the broker.

A real estate broker is entitled to a commission when the purchaser he procures and the seller enter into a valid and enforceable contract on terms proposed in the brokerage agreement. (*Fox v. Ryan* (1909), 240 Ill. 391, 396-97; *Wilfong v. W. A. Schickedanz Agency, Inc.* (1980), 85 Ill. App. 3d 333, 341.) The sales contract must be mutually obligatory upon the seller and purchaser in order for the broker to recover the commission where the sale is not consummated. (*Fox v. Ryan*, at 397.) Where there are contingencies in the contract which render it unenforceable by the seller, the broker is entitled to a commission only upon a showing that the contingencies have been met. *Nelson v. Bolton* (1979), 72 Ill. App. 3d 519, 524-25; *Spilky v. McDonald* (1968), 94 Ill. App. 2d 411, 420. See also *Cooper v. Liberty National Bank* (1947), 332 Ill. App. 459.

In this case the sales agreement with the prospective purchaser recited:

> "This contract is contingent upon Buyer being able to get 9 buildable lots with acceptable perk tests and the use of the road * * * south of the above named property for access to the lots. Prior to closing, Buyer to apply for one building permit with assurance from the County that permits will be granted for remaining lots, perk tests and soil tests and permits to be Buyers expense."

Since the contract was subject to the various contingencies stated, the broker was required to allege that the contingencies were met in order to make out a prima facie case. (*Nelson v. Bolton* (1979), 72 Ill. App. 3d 519, 524.) Although it is possible that the contingencies in the contract were inserted solely for the benefit of the purchaser and could be waived by him, there still remains a question of fact both as to the purpose of the conditions in the contract and whether they were waived by the purchaser. *Darien Park District v. Schmidt* (1979), 71 Ill. App. 3d 151, 156; *O'Brien v. Kawazoye* (1975), 27 Ill. App. 3d 810, 816.

■■ Neither the complaint nor any of the affidavits submitted in support of the motion for summary judgment referred to the existence of the conditions precedent or to their effect upon the existence of the prospective purchaser's contractual obligations. All of the documents are general in nature and go no further than stating that plaintiff obtained the purchaser for the property who subsequently executed a contract to purchase. Where a copy of the contract shows the existence of conditions precedent, it is encumbent upon the broker to establish as an element of his cause of action that the conditions have been performed so that a valid contract for the sale of the property exists, or that his commission was not intended to depend on the performance of the conditions.

The broker has not sustained his burden of establishing that his right to the commission is so clear that he is entitled to judgment as a matter of law and that there are no relevant questions of fact. See *Feder v. River's Edge Restaurant, Inc.* (1978), 59 Ill. App. 3d 1015, 1019.

The broker has also argued that since the property eventually was sold to the purchaser procured by him during the exclusive right to sell period he is entitled to a commission on that basis as a matter of law. It must first be noted that the plaintiff cannot rely on the brokerage contract for recovery on this theory, since the contract entitles him to recover only where the property is sold within 90 days of the expiration of the agreement to someone to whom the property was offered during the life of the agreement. Since the sale was not during the relevant period this precluded any action on the contract. However, as a general rule, where a broker is the procuring cause of the transaction, he is entitled to a commission (*Pilson v. Roush* (1980), 82 Ill. App. 3d 187, 190-91.) A question as to the right of the broker to a commission on other than a contractual theory therefore remains to be considered.

■■ However, we conclude that the record before us does not sustain the granting of summary judgment on the theory that, as a matter of law, the broker was the procuring cause of the ultimate purchase. There remains a triable issue of fact as to whether there was a meeting of the minds between the seller and the purchaser during the period of the broker's agency so that the broker could be said to be the procuring cause of the sale. (See *Pilson v. Roush*, at 190.) We note that the second contract between defendant and the purchaser is not part of this record.

The judgment is therefore reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.