PAINE/WETZEL ASSOCIATES, INC., Plaintiff-Appellee, v. DOCKSIDE DEVELOPMENT CORPORATION, Defendant-Appellant.

First District (3rd Division) No. 87—1810

Opinion filed August 3, 1988.—Rehearing denied October 5, 1988.

Peter C. Woodford and Jay S. Leyden, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

William Biederman and Marjorie E. Schaffner, both of Katz, Randall & Weinberg, of Chicago, for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant Dockside Development Corporation appeals the grant of summary judgment in favor of plaintiff Paine/Wetzel Associates,

Inc., on Paine/Wetzel's complaint for a brokerage commission. We reverse and remand.

Paine/Wetzel and Dockside entered into an agreement in which Paine/Wetzel promised to use its best efforts to procure a purchaser for real estate owned by Dockside. According to the agreement, Paine/Wetzel was entitled to a broker's commission "If (a) the Premises are sold during the term of this Agreement or (b) if the Premises are sold within six months thereafter with [*sic*] a prospect submitted to or obtained by Principal during the term of this Agreement." The term of the agreement expired on December 31, 1983. Since the premises were not sold during the term, it is clear that Paine/Wetzel has no claim for brokerage commission under clause (a) of the contract. We therefore review the facts to determine whether they will support a claim under clause (b).

Dockside informed Paine/Wetzel that it would pay a commission under their contract only if the property was sold before July 1, 1984. On July 5, 1984, Dockside contracted to sell the property, and on July 23, closed a sale to Pinkert Steel without providing for a commission for Paine/Wetzel. Paine/Wetzel filed a claim for the commission and moved for summary judgment.

■ Dockside contended that its own efforts were responsible for the procurement of Pinkert as a buyer for the property, that neither the procurement of Pinkert nor the sale of the property took place within the specified contract period, and that Paine/Wetzel's activity did not merit a commission under the contract. The trial court ruled that Paine/Wetzel's role in procuring Pinkert was irrelevant, construing clause (b) of the contract as providing for a commission if a buyer was submitted to or obtained by Dockside during the term of the agreement, and ignoring the clause's requirement of a sale during the six-month extension to entitle the broker to a commission. The court cited *Bennet & Kahnweiler Associates v. Ratner* (1985), 133 Ill. App. 3d 316, 478 N.E.2d 1138, as authority for the proposition that a court may ignore the expiration date of an agency contract in order to ensure that a broker is fairly compensated for services which benefit a principal. Though we acknowledge the validity of that proposition, we believe that it was improperly applied by the trial court in the instant case.

■ This court has previously held that a broker may not recover a commission under an agency agreement when the sale of property occurs after the expiration of the agreement and subsequent grace period. (*Herb Fox, Limited, Realtors v. Stewart* (1980), 91 Ill. App. 3d 201, 204, 414 N.E.2d 881.) The compensation awarded brokers un-

der such circumstances has not been recovery ٰ nder the contract, but equitable relief based on the benefit which their services conferred upon the seller. (91 Ill. App. 3d at 204.) The broker's claim for a commission must therefore be founded on the allegation that he was the procuring cause of the sale. See *Pilson v. Roush* (1980), 82 Ill. App. 3d 187, 190, 402 N.E.2d 906.

 Since the parties in the instant case do not dispute the fact that the sale of the Dockside property took place after the expiration of both the term of the agreement and the grace period, we believe that the trial court erred in awarding Paine/Wetzel a commission under the contract. We conclude that the issue of whether Paine/Wetzel was the procuring cause of the sale to Pinkert was crucial to resolution of this claim in equity and that the parties should have been permitted to litigate that issue. Accordingly, we reverse the summary judgment entered by the circuit court of Cook County and remand the cause to that court for further proceedings.

Reversed and remanded.

RIZZI and FREEMAN, JJ., concur.