Nardi, Pain & Podolsky, Incorporated, Plaintiff-Appellant, v. Vignola Furniture Company, Defendant-Appellee.

Gen. No. 51,467.

First District, Third Division.

March 2, 1967.

Feinberg and Fried, of Chicago (Raymond K. Fried, of counsel), for appellant.

Koza and Shaw, of Chicago (Edward M. Koza, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, a real estate broker, appeals from a summary judgment entered in favor of the defendant. The complaint alleged that the defendant owed the plaintiff $4,000 in commission for its services in finding a purchaser for the defendant's property. The defendant answered that it had been willing to sell but that the purchaser produced by the plaintiff did not comply with one of the defendant's conditions of sale. After the case

was at issue, both parties filed motions for summary judgment supported by affidavits and exhibits. The court granted the defendant's motion and dismissed the complaint.

The plaintiff contends that the judgment should be reversed because the condition of sale set forth in the defendant's answer was not contained in its agreement with the plaintiff and was not specified by the defendant at the time it terminated negotiations with the prospective purchaser. The plaintiff further contends that the defendant's motion for summary judgment did not raise a substantial defense to the plaintiff's right to a commission and that the affidavit supporting the motion did not show that the affiant, if sworn as a witness at the trial, would be competent to testify to the facts set forth in the affidavit.

It appears from the pleadings, affidavits and exhibits that during May, 1965, discussions were held between the plaintiff-broker and the defendant concerning the possible sale of the defendant's property. An offer of $70,000, relayed by the plaintiff, had been refused by the defendant. On May 26th the defendant, for the first time, authorized the plaintiff to negotiate a sale and said that it would consider a price of $75,000—net after the deduction of the plaintiff's commission. The plaintiff informed a prospective purchaser of the defendant's willingness to sell, and on May 28th the attorney for the purchaser wrote the defendant that his client was prepared to pay $79,000 subject to certain conditions. The offer to purchase was limited to five days from the date of the attorney's letter.

On June 11, 1965, the defendant wrote the plaintiff that it would sell its property to the plaintiff's client. It accepted the conditions set out in the attorney's letter of May 28th but enumerated certain conditions of its own. Of the conditions, the one with which we are concerned, No. 5, stated: "This offer is contingent upon the

ability of the seller to obtain favorable mortgage for the seller's proposed new warehouse building." The offer to sell was to remain open for ten days from the date of the letter.

The broker communicated this offer to the purchaser who, on June 15th, replied through its attorney that the offer was acceptable and that the attorney would prepare the contract of sale. The broker wrote the defendant on June 16th, enclosed a copy of the letter of June 15th, and stated that the conditions outlined in the defendant's letter of June 11th were acceptable to the purchaser.

The contract, drafted by the purchaser's attorney, was submitted to the defendant on June 25th. It made no mention of the defendant's condition No. 5.

After June 25th the purchaser's attorney wrote the lawyer for the defendant, referred to several telephone conversations between them and asked that the defendant's lawyer contact him so that a contract could be drawn which would be acceptable to both sides. The defendant's lawyer returned the unexecuted contract and informed the purchaser's attorney that the defendant would not enter into any agreement.

■ If the plaintiff produced a purchaser who was ready, willing and able to buy the property on the defendant's terms it earned and was entitled to its commission. Chiagouris v. Continental Trailways, 50 Ill App 2d 196, 200 NE2d 399 (1964); 12 Am Jur2d, Brokers, § 183; 12 CJS, Brokers, § 85. The questions are whether the plaintiff found such a purchaser and whether the plaintiff accepted employment with knowledge of the defendant's terms.

The plaintiff states that condition No. 5 was not specified in its agreement with the defendant, that non-compliance with this condition was not given by the defendant as the reason for rejecting the purchaser's offer to buy, and that the injection of this defense into

223

the case is an unfair attempt to avoid the obligation to pay the earned commission.

The evidence heretofore delineated does not disclose whether or not condition No. 5 was known to the plaintiff before or on May 26, 1965, when the defendant authorized it to negotiate the sale. However, the evidence does disclose that the condition was known to the plaintiff on June 11th—through the medium of the defendant's letter of that date. It can be inferred that, even if the plaintiff did not know of the condition theretofore, it accepted the condition after receiving that letter because it did not then claim that the condition was new or that it altered the terms of its employment; and, furthermore, it transmitted the defendant's proposal to the purchaser and informed the defendant on June 16th that the terms were acceptable.

■ The resolution of the question as to the terms of the plaintiff's employment does not, however, rest on this inference. The question is resolved by the affidavits and pleadings. The affidavit in support of the defendant's motion for summary judgment asserted that the plaintiff knew on or before May 26th "that any sale was conditioned upon seller's ability to obtain a favorable mortgage for a proposed new warehouse building and knew that any acceptable offer would be contingent upon acceptance of a purchase under said condition. . . ." Although the plaintiff filed an answer to the motion, the defendant's allegation was not denied. Hence, for the purpose of summary judgment, the truth of the allegation was admitted. Grant v. Reily, 346 Ill App 399, 105 NE2d 316 (1952). Upon the record before it, the trial court correctly concluded that the plaintiff knew of condition No. 5 and accepted employment under that condition.

The plaintiff next contends that the purchaser was ready to buy the property and was willing to accede to the defendant's terms; it argues that, because the de-

fendant did not state any reason for rejecting the contract tendered by the purchaser, it is now precluded from asserting condition No. 5 as a defense. In Smith v. Keeler, 151 Ill 518, 38 NE 250 (1894), relied upon by the plaintiff, Smith, the seller, employed Keeler, the broker, to sell some property—part for cash and part on time. Smith previously had employed Keeler to sell other property in the same manner. Keeler found a buyer and executed a contract on terms similar to those used in the past. When informed of the sale, Smith declined to carry out the contract on the sole ground that he had received a better offer and had decided to retain the property. Keeler sued for his commission and Smith defended on the ground that Keeler was not authorized to arrange a sale on the terms stated in the contract. In holding for Keeler, the reviewing court stated that it could be inferred that the terms in question were within Keeler's reasonable discretion; that Smith's failure to find fault with the terms furnished evidence that Keeler had made the sale upon terms which were within the purview of his authority, and that the terms would have been satisfactory to Smith if he had not concluded to withdraw his property from the market. The Smith opinion does not support the plaintiff's contention that in the present case it was incumbent upon the defendant to announce its reason for rejecting the purchaser's contract. The opinion merely indicated that Smith's failure to object to the contract which Keeler prepared was evidence that Keeler acted within the scope of his authority.

■ Under the circumstances of the present case the defendant was under no obligation to state its reason for not signing the proffered contract or to reopen negotiations. The purchaser not only had indicated approval of condition No. 5 but, in addition to this, had specifically inquired of the plaintiff in a letter dated June 15, 1965, "whether the mortgage set forth as item

5 in the offer has been obtained." Despite this prior awareness, the contract, prepared a few days later by the purchaser, ignored the condition. The defendant had a right to regard this as a repudiation of the condition and as a tender of a new proposal. The evidence does not support the position of the plaintiff that it produced a purchaser ready or willing to accept the terms offered by the defendant. Since the plaintiff did not, the defendant was free either to accept the new proposal or to decline to do so without giving either the plaintiff or the purchaser its reason. 12 Am Jur2d, Brokers, § 185; Corbin on Contracts (1963) § 50.

■ ■ The plaintiff also argues that condition No. 5 was unclear and could be understood only by the defendant, and therefore the defendant should not be permitted to avoid its liability by the interjection of such a "nonsensical" condition. If the plaintiff thought this condition nonsensical he should have objected to it but, as we have pointed out, this was never done. The purchaser may not have liked it, but we are not concerned with a contract between a seller and a purchaser but with the contract between the seller and the broker. The fact that the plaintiff may have found this condition burdensome does not relieve it from its own imprudence in entering into the contract knowing of this condition. Contracting parties may be left free to employ in the market place whatever they may possess of wisdom or folly, and are bound by the plain and unambiguous terms of whatever agreements they may reach. Weiland Tool & Mfg. Co. v. Whitney, 40 Ill App2d 70, 188 NE2d 756 (1963); Illinois State Toll Highway Commission ex rel. Patten Tractor & Equipment Co., v. M. J. Boyle & Co., 38 Ill App2d 38, 186 NE2d 390 (1962).

The plaintiff also maintains that its motion for summary judgment should have been granted because the affidavit supporting the defendant's countermotion did not comply with Supreme Court Rule 15. This rule states,

in part, that the affidavits accompanying motions for summary judgment ". . . shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto . . ." Ill Rev Stats 1965, c 110, subsec 101.15(1).

██ ██ The only portion of the defendant's affidavit which could be considered conclusionary is the final statement that the plaintiff failed to find a purchaser who was ready, willing and able to purchase on the defendant's terms. However, because an affidavit contains some inadmissible statements the entire affidavit is not thereby invalidated. Winger v. Richards-Wilcox Mfg. Co., 33 Ill App2d 115, 178 NE2d 659 (1961). The affidavit was sworn to by the general manager of the defendant. He stated that he was the duly authorized agent of the defendant and had knowledge of all of the facts relative to the dispute. While the affidavit contains no express statement to the effect that the affiant, if called upon as a witness, could competently testify to the facts therein, such a technical compliance is unnecessary. The test is whether or not it appears from the whole of the documents that the affiant would be competent to testify if called upon. Ragen v. Wolfner, 43 Ill App2d 70, 192 NE2d 560 (1963). The exhibits show that it was the affiant who wrote the letter authorizing the plaintiff to negotiate with prospective purchasers for the sale of the realty; that it was the affiant who wrote the letter informing the plaintiff of the terms of the offer to sell, and that it was the affiant to whom the plaintiff wrote saying that the terms were acceptable.

This case differs from Des Plaines Motor Sales, Inc., v. Whetzal, 58 Ill App2d 143, 206 NE2d 806 (1965) cited by the plaintiff, and from Winger v. Richards-Wilcox Mfg. Co., supra. In both of those cases it was clear from the affidavits and accompanying exhibits that the affiants, who were attorneys, had not been personally en-

gaged in the negotiations in question and would have been incompetent to testify about them at a trial. In the present case the affiant was intimately connected with the transaction and would be a competent witness to testify to the facts set forth in his affidavit.

■ The final contention of the plaintiff is that the defendant's countermotion merely raised a question of fact as to whether the terms of the sale were met by the purchaser. This contention is without merit. A motion for summary judgment should be denied if upon examination of the record it can be fairly said that a genuine, triable issue of material fact exists. Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30, 183 NE2d 547 (1962); Goodwin v. Bowers, 24 Ill App2d 158, 164 NE2d 278 (1960). But there is no such issue in the instant case. The defendant's offer was conditioned upon its ability to obtain a favorable mortgage for its proposed new warehouse. The plaintiff and the prospective purchaser were aware of this fact. The determinative question is whether the contract submitted by the prospective purchaser conformed to the terms listed in the offer of the defendant and not whether the defendant based its refusal on this reason. Since the record showed that the contract submitted to the defendant failed to contain condition No. 5, there was no remaining question of fact to be determined by the trial court. The court properly granted the defendant's motion for summary judgment.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.