Maurice Spilky, d/b/a Beatrice Realty, Plaintiff-Appellant, v. Harold McDonald, et al., Defendants-Appellees.

Gen. No. 67–157.

Second District.

May 14, 1968.

411

Adolph L. Haas, of Chicago, and Guerine and Guerine, of Melrose Park, for appellant.

Melvin M. Landau, of Chicago, and Walter Bard Carroll, of Downers Grove, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

This is a suit for a real estate broker's commission. Plaintiff, a broker, filed a verified action in the Circuit Court of Cook County, alleging that he and W. P. Randell, another broker, entered into an agreement with the defendants on October 3, 1966, to procure a purchaser for certain real estate in DuPage County which was owned or controlled by the defendants. The complaint alleged that the sales price was to be $460,000, and that the real

estate commission was to be 6% of the sale price, so that plaintiff and the other broker would each receive $13,800 as commission. The complaint went on to allege that plaintiff and Randell did procure a purchaser who was ready, willing and able to purchase the property on the defendants' terms, but that the defendants refused to execute the real estate contract and escrow agreement requested by the purchaser and refused to pay plaintiff his commission. Randell did not join in the action.

The defendants filed a motion to transfer venue of the case from Cook County to DuPage County, and supported their motion by affidavits to the effect that they resided in DuPage County, that they had met the plaintiff on one occasion in DuPage County and at no other time or place, that they never spoke with him by telephone, and that they never authorized anyone to prepare a real estate contract concerning the property in question. Plaintiff filed a verified answer to the motion, stating (1) he had telephone conversations with either or both defendants on and after October 3, 1966; (2) that on October 3, 1966, a meeting took place at the law office of Thomas Krone in Downers Grove, Illinois (which is in DuPage County) and that the persons present at the meeting were the defendants, who were being represented by Krone, the plaintiff, Randell and Alfred W. Israelstam, an attorney representing the purchaser, Lloyd Levine; (3) "that after the principals agreed upon the terms, provisions and conditions of the sale as set forth in the complaint filed herein," Israelstam and Krone agreed to meet three days later at the Chicago Title and Trust Company in Chicago, said appointment being approved by the principals thereof; (4) that on the appointed day, October 6th, Israelstam was at the Chicago Title and Trust Company in Chicago and that Randell appeared and advised him that he, Randell, was authorized by the defendants to prepare the escrow agreement on their behalf, whereupon

such an agreement was drawn up. Plaintiff also filed an affidavit of Israelstam, reciting that, on October 3, 1966, at the office of Thomas Krone in Downers Grove, Illinois, a conference took place between the persons already mentioned and "that at said conference the terms, conditions and provisions of sale as set forth in the complaint filed herein between the sellers and purchaser were orally agreed upon." This affidavit further recited that an agreement was made to meet three days later at the Chicago Title and Trust Company in Chicago "for the purpose of preparing an escrow agreement containing the terms, conditions and provisions of sale heretofore orally agreed upon." The affidavit concluded by reciting that on October 6, 1966, Israelstam was met by Randell at the Title and Trust Company and that Randell "stated that he would sit in during the drafting of the escrow pending the retaining by sellers of another attorney to represent them." Thereupon, according to the affidavit of Israelstam, an escrow agreement was drafted.

Defendants' motion to transfer the case to DuPage County was made pursuant to section 8(3) of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 8(3)), which provides that such motions may be supported and opposed by affidavit, and that, in determining issues of fact raised by the affidavits, "any competent evidence adduced by the parties shall also be considered." At the hearing on the motion, plaintiff endeavored to convince the court that venue was proper in Cook County because, although neither defendant resided there, venue could be based upon the fact that a part of the "transaction" occurred in Cook County. The applicable venue statute is section 5 of the Civil Practice Act, (Ill Rev Stats 1965, c 110, § 5), which provides that, in actions of this kind, suit must be commenced in the county of residence of any defendant, or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

414

The motion for transfer was argued orally, and, after considering the affidavits, the trial judge indicated that he was inclined to grant the motion. Plaintiff's attorney then offered to produce testimony by the plaintiff to supplement the affidavits, and it appears from the colloquy that his testimony would have related to statements of Randell and to "negotiations." No offer of proof was made, and we are unable to tell what "negotiations" were referred to.

██ Plaintiff claims that the court erred in transferring the case to DuPage County, because part of the "transaction" occurred in Cook County, and, further, that the court erred in refusing to hear testimony by the plaintiff in regard to the motion. We believe that no error was committed. It is conceded that neither defendant resided in Cook County and that the only possible basis for venue there would be on the theory that part of the transaction in question occurred there. However, to justify venue on the basis of a "transaction" it must be a "transaction or some part thereof . . . *out of which the cause of action arose.*" This is a suit on an oral contract to pay a real estate commission. From everything we can glean from the original complaint and the affidavits, that agreement, if it was made, was made in Downers Grove on October 3, 1966. It also appears from the complaint and the affidavits of plaintiff and Israelstam that the purchasers were procured by plaintiff and Randell at that same time, and that the terms and conditions of the sale were agreed upon by the defendants and the purchasers in the office of Mr. Krone in Downers Grove. Thus, from the pleadings and the affidavits, it appears that all necessary elements of plaintiff's cause of action against the defendants were fulfilled in Du Page County on October 3, 1966. As plaintiff points out in another connection, "The broker becomes entitled to a commission from the seller at the time he finds a buyer ready, willing and able to enter into an agreement on the

415

seller's terms. It is not essential in Illinois that an executed written agreement actually be entered into. The seller becomes bound at the moment that his terms have been met. Chicago Bar Ass'n v. Quinlan & Tyson, Inc., 53 Ill App2d 388, 412, reversed in part on other grounds in 34 Ill2d 116." Thus, the fact that the formal contract between the defendants and the purchasers was to be drawn up in Cook County three days later is immaterial, because the execution of that contract is no part of plaintiff's cause of action. Accordingly, assuming that Randell did appear in Chicago as the agent of defendants for the purpose of drawing up the contract and escrow agreement, still, his activity on that occasion was not a part of the transaction out of which plaintiff's cause of action arose. See Heldt v. Watts, 329 Ill App 408, 413, 69 NE 2d 97 (1946) ; La Ham v. Sterling Canning Co., Inc., 321 Ill App 32, 43–45, 52 NE2d 467 (1943).

We do not believe that the court erred in refusing to hear the testimony of plaintiff in connection with the motion for transfer, because it was apparent from the pleadings and affidavits which were before the court that the transaction giving rise to the cause of action occurred in DuPage County. It appears from the colloquy that plaintiff wished to supplement the affidavit of Israelstam by testifying that Randell said he appeared in Chicago on October 6th as the representative of defendants. Under the view we take of the matter, Randell's capacity on October 6th had nothing to do with plaintiffs' cause of action. As to plaintiffs' offer to testify to "negotiations," the record is silent as to what he had in mind. If he was referring to negotiations between defendants and the proposed purchaser, such negotiations would be irrelevant. If he was referring to preliminary or incidental contacts between himself and defendants, these, again, would not be part of the "transaction" as that term is used in section 5.

The plaintiff also claims that the court in Cook County arbitrarily refused to hear the testimony of the plaintiff which was offered to prove that negotiations took place on the telephone between plaintiff, while in Chicago, and the defendant while in DuPage County. However, his verified answer to the motion requesting a transfer set forth such matter. Further, this offer was made after the court had indicated that it was going to allow the transfer. Under the circumstances we do not feel that the court acted arbitrarily. Heldt v. Watts, supra, 415–416.

After the case was transferred to DuPage County, the original complaint and a first amended complaint were dismissed on motions of defendants, apparently for failure to state a cause of action. Plaintiff then filed a second amended complaint, and this was also dismissed by the Circuit Court of DuPage County for failure to state a cause of action. Plaintiff appeals from this dismissal of his second amended complaint. We feel that the dismissal was proper, because the second amended complaint does fail to state a cause of action.

Paragraph 3 of the second amended complaint reads as follows:

> "That on or about October 3, 1966, in the City of Chicago, plaintiff and W. P. RANDELL, another broker, made and entered into an oral agreement whereby defendants employed plaintiff and the other broker, to procure a purchaser or purchasers for said real property and agreed to pay said plaintiff and other broker each, one-half of 6% of said sale price of $460,000.00, or the sum of $13,800.00 to each, the plaintiff and the other broker, which represents the regularly established commission for such sales."

This is the only portion of the pleading which refers to any agreement between plaintiff and the defendants. (It

will be noted that, unlike the original complaint filed in Cook County, the second amended complaint recites that the agreement was made at Chicago.) Defendants point out that paragraph 3 is somewhat unclear as to whether the agreement was made between plaintiff and Randell or between plaintiff and Randell on the one hand and defendants on the other. We agree that the language is somewhat confusing, but we feel that a fair interpretation of paragraph 3, read in connection with the remainder of the second amended complaint, results in the conclusion that an agreement between the brokers and the defendants is adequately alleged.

Paragraph 4 of the second amended complaint reads as follows:

> "That pursuant to said employment agreement, plaintiff and W. P. RANDELL, entered upon said employment and he and W. P. RANDELL, proceeded thereafter to perform services for the procurement of a purchaser or purchasers for said property, and on or about October 3, 1966, plaintiff and W. P. RANDELL, procured purchaser, to-wit: LLOYD LEVINE, who was able, ready and willing to purchase said property at said price."

From the allegations of paragraphs 3 and 4, it would appear that the plaintiff had sufficiently pled a brokerage contract and performance on his part. However, paragraphs 5 and 6 change the picture completely:

> "5. That pursuant thereto, a real estate sale contract was prepared in Chicago, Illinois, a copy of which contract is attached hereto, marked Exhibit 'A', and made a part hereof.
>
> "6. That pursuant thereto, an escrow was created and prepared at the Chicago Title and Trust Company in Chicago, Illinois, a copy of which escrow is attached hereto, marked Exhibit 'B' and made a part hereof."

418

Turning to the exhibits referred to in paragraphs 5 and 6, we find that the proposed contract and escrow agreement contained several conditions which, in our view, establish that plaintiff did not procure a purchaser who was ready, willing and able to purchase the property on the terms specified in paragraph 3 of the second amended complaint. These conditions were as follows:

First, the purchaser's nominee was to obtain a first mortgage of $300,000 on 82 acres of the property. (The entire tract was 92 acres.) The purchaser was to keep $100,000 of the mortgage proceeds and pay the remaining $200,000 to the defendants.

Second, the purchaser's nominee was to give defendants a second mortgage in the amount of $160,000 on the 82 acres, payable in installments over a five-year term. No payments were to be made on this mortgage unless the zoning of the 82 acres was changed to industrial.

Third, the purchaser's nominee was to pay $100,000 for the remaining ten acres of the property, payable over five years, secured by a mortgage on that portion of the property. The payments on this portion of the property were not to start until the ten acres had been rezoned to permit a restaurant and motel use and a liquor license had been obtained.

The second amended complaint does not allege that the defendants ever agreed to any of these conditions. Although paragraphs 5 and 6 allege that the documents containing these conditions "were prepared," it is not alleged that defendants prepared them or agreed to their preparation.

The second amended complaint concludes by alleging that the defendants refused to execute the contract and escrow agreement which had been prepared and have refused to pay plaintiff his claimed commission of $13,-800.

■ Paragraph 3 of the second amended complaint, which sets out the alleged agreement between plaintiff

419

and the defendants, does not state that defendants agreed to pay a commission to plaintiff for procuring someone who would purchase the property by paying in installments and subject to rezoning. It alleges, rather, that defendants agreed to pay a commission to plaintiff and the other broker for procuring someone who would purchase the property for $460,000. Nothing is said about the terms of payment. In the absence of any allegation that defendants agreed to accept deferred payments, we must conclude that the sale was to be for cash. See, 35 ILP, Vendor and Purchaser, section 42, which, in commenting upon the interpretation of a contract between vendor and purchaser, states that:

> "Where the contract does not contain a provision permitting the time of payment of the purchase price to be deferred, the contract will be construed as constituting a cash sale."

See also Purgett v. Weinrank, 219 Ill App 28, 31 (1920) which applied this rule to a real estate brokerage contract. See also 8 Am Jur, Brokers, section 63 and 18 ALR 2d 376, 382–384.

Similarly, the second amended complaint does not allege that defendants ever agreed to sell the property subject to a rezoning and the obtaining of a liquor license. Yet, the complaint does allege that plaintiff procured a purchaser who was willing to buy only on such terms. Since these are not alleged to be the defendants' terms, it cannot be said that plaintiff has alleged facts which, if proved, would show that he procured a purchaser "ready, willing and able to buy" on defendants' terms. While paragraph 4 of the second amended complaint, quoted above, does allege that plaintiff procured a purchaser who was "able, ready and willing to purchase said property *at said price*," the question of price is only one element to be considered. As we have indicated, the exhibits attached to the second amended complaint

make it clear that the price was to be paid over a period of time and then only under certain contingencies which are not alleged to have been contemplated by the agreement between plaintiff and defendants.

 We hold, therefore, that the second amended complaint does not state a cause of action, because it does not allege that plaintiff procured a purchaser who was ready, willing and able to purchase the property on the terms specified in the agreement between plaintiff and the defendants. Accordingly, the judgment of the lower court will be affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.