CENTURY 21 ALLEN REALTY, INC., *et al.*, d/b/a CENTURY 21 GOLD KEY REALTY, Plaintiffs-Appellants, *v.* RAYMOND W. BODINUS *et al.*, Defendants-Appellees.

Third District   No. 82—309

Opinion filed January 11, 1983.

James S. Dixon, of Peoria, for appellants.

Bruce P. Fehrenbacher, of Whitney & Potts, Ltd., of Elmwood, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This action was brought by the plaintiff, Century 21 Gold Key Realty, in order to recover a commission claimed due from the defendants, Raymond, Mildred, Lloyd and Florence Bodinus, pursuant to the terms of a listing agreement which gave the plaintiff the exclusive right to

sell certain farmland owned by the defendants. The trial court granted the defendants' motion for summary judgment.

On September 17, 1980, the defendants entered into an exclusive listing contract with the plaintiff whereby the plaintiff agreed to procure a purchaser for the subject farmland on the terms set forth in the listing agreement in return for the defendants' promise to pay the plaintiff a sales commission, calculated as five percent of the actual sale price or the amount by which the actual sales price exceeded the selling price of $972,000, whichever sum was less.

On November 11, 1980, the plaintiff presented to the defendants the purchase offer of Lloyd Fehr. Fehr offered to purchase the defendants' property by agreement for warranty deed for the total price of $990,000 payable as follows: (1), a down payment of $10,000 paid on November 11, 1980; (2), a payment of $89,000 due December 1, 1980; (3), a payment of $198,000 due March 1, 1981, and (4), the balance of $693,000 due in 10 equal annual installments of principal and interest, at the rate of $8\frac{3}{4}\%$ per annum, each installment being in the amount of $104,282. The offer was further subject to Fehr obtaining the right to assign his interest in the contract for warranty deed under the same terms and conditions to an equally qualified buyer.

Fehr's offer was never accepted by the defendants. The defendants later counteroffered by submitting to Fehr a draft of a conditional acceptance of contract to purchase real estate, which incorporated by reference a proposed agreement for warranty deed. The proposed agreement contained a payment clause identical to the method of payment offered by Fehr except for one difference, the 10 annual installments of principal and interest were in the amount of $106,798 each and not $104, 282 as Fehr had offered.

In addition, the proposed contract prohibited the assignment of the purchaser's interest in the realty without first obtaining the prior written consent of the defendants, except for an assignment to a member of the purchaser's family for the purpose of consummating a trade in exchange of real estate, said assignment not to relieve the purchaser of any personal liability on the contract unless agreed to in writing by the defendants. The parties never agreed to the terms of this proposed contract, and several other counterproposals were made by the defendants, none of which were accepted by Fehr.

Thereafter, Fehr insisted that the defendants agree to release him from any liability on the proposed contract upon the assignment of his interest to his brother-in-law, Jack Knoblack, in exchange for a farm owned by Knoblack. Negotiations broke down because of Fehr's insistance upon a release from liability and the sale of the defendants' prop-

erty was never consummated with Fehr or with any other party at the time the listing contract expired on November 15, 1980.

The plaintiff later filed suit against the defendants claiming that the plaintiff had earned a sales commission by the production of Lloyd Fehr's offer. The defendants filed a motion for summary judgment arguing that the plaintiff never produced an offer which conformed to the terms set forth in the listing contract. Specifically, the payment terms offered by Fehr were not in conformity with the listing agreement and Fehr's proposed release of liability upon assignment, a subject not covered in the listing contract, was not a term acceptable to the defendants.

On April 1, 1982, the trial court entered an order allowing the defendants' motion for summary judgment, stating that there was no question of material fact, the payment amounts set forth in Fehr's offer not meeting the requirements set forth in the listing contract and Fehr's offer failing because of his insistance upon release from personal liability in the event of assignment.

The plaintiff requests we review whether the trial court erred in granting the defendants' motion for summary judgment because an issue of material fact existed as to whether Fehr's payment terms in his offer met the payment terms required in the listing contract and as to whether Fehr's offer failed due to his insistance upon a release from liability on assignment.

A motion for summary judgment is proper only when the pleadings and affidavits show that the movant is entitled to it as a matter of law, such right being clear and free from doubt, and no genuine issue as to a material fact exists. *Yakupcin v. Baker* (1980), 83 Ill. App. 3d 624, 404 N.E.2d 869.

If the trial court's decision had been based solely on the inconformity of Fehr's offered payment terms with those contained in the listing contract, summary judgment would have been inappropriate because we believe a genuine issue of material fact existed as to the meaning of the listing contract in this respect; however, because it is clear that the parties never came to terms on the release from personal liability issue, summary judgment on that basis was proper.

The payment terms clause in the listing contract stated that the balance due after the initial down payments was to be paid in "Ten (10) equal principal installments including interest from March 1, 1981, at the rate of Eight and Three Fourths (8 3/4%) Percent per annum ***." Fehr's initial offer interpreted this statement to mean all installments of principal and interest were to be in equal amounts, but the defendants claimed that the statement meant only principal payments were to

be in equal amounts, interest being calculated on the balance due from time to time. Therefore, each payment of principal and interest would decline in amount until the balance due was fully paid.

Alternatively, the defendants argue that even if Fehr's interpretation of the installment payment terms was correct, he miscalculated the annual payment amount of principal and interest. The payment terms of the defendants' proposed agreement for warranty deed included 10 equal installments of principal and interest in an amount the defendants deemed to be the correct calculation, thus, accepting Fehr's initial interpretation of the listing contract, although not his calculations.

■ It is apparent that the true construction of the listing contract's payment terms was a disputed issue of fact, not one to be decided as a matter of law in a summary judgment procedure. The language used in the listing contract as to the installment payments was ambiguous, and the intent of the parties was unclear as evidenced by their subsequent negotiations.

● ■ ■ On the other hand, there was never a question that Fehr would not contract without an agreement from the defendants that he be released from personal liability upon assignment of his interests in the contract. This is admitted in the plaintiff's reply to motion for summary judgment, by the affidavit of the sales agent involved in the transaction. It has never been denied that the defendants did not accept Fehr's original offer and that Fehr did not accept any of the counter offers made by the defendants.

His final insistance on the liability release represented an offer which was never accepted by the defendants. Such a term was not mentioned in the listing contract and, therefore, had to be agreed to by the parties before a contract could result. Because no agreement existed, Fehr was not an acceptable purchaser pursuant to the terms of the listing contract, and the plaintiff was not entitled to a sales commission. Because no genuine issue of material fact exists as to this failure to contract and the pleadings and affidavits show the defendants are entitled to a summary judgment as a matter of law, the trial court's order of summary judgment in favor of the defendants was not in error.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.