STACEY COSTELLO, Plaintiff-Appellant, v. ILLINOIS FARMERS INSUR-
ANCE COMPANY *et al.*, Defendants (Illinois Farmers Insurance Company,
Defendant-Appellee).

First District (5th Division) No. 1—92—3152

Opinion filed November 19, 1993.

Robert M. Smith, of Arlington Heights, for appellant.

Querrey & Harrow, Ltd., of Chicago (Mary T. Nagel and Michael Resis,
of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:
Plaintiff Stacey Costello (Costello) brought this action against
defendants Illinois Farmers Insurance Company (Farmers) and
Prudential Insurance Company of America (Prudential) seeking to
recover medical expenses, under the medical expense coverage of an
automobile policy issued by Farmers and a hospitalization policy
issued by Prudential, as a result of injuries sustained in an
automobile accident with an uninsured motorist. Costello appeals
pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) from
the trial court's order granting Farmers summary judgment. Costel-
lo's claim against Prudential is not involved in this appeal.
 Costello filed her original action against Prudential and Farmers.
It alleged that Farmers insured her under a medical payments
section of an automobile policy issued to her father, Dennis Costello,
and that she was a passenger in the insured vehicle driven by her
mother which was involved in an accident with an uninsured motorist
in Bloomingdale, Illinois, on April 20, 1986.

Costello sought $35,000 in expenses incurred at Forest Hospital which she claimed arose out of the automobile accident. Farmers' answer to the complaint, filed before the parties arbitrated Costello's uninsured motorist claim, admitted that it issued an automobile policy which contained medical expense coverage but denied liability for the Forest Hospital expenses for various reasons more fully set forth below. It also attached, as an exhibit to its answer, a certified copy of the automobile policy issued to Costello's father with policy limits of $250,000 uninsured motorist coverage and $100,000 medical payments coverage.

In response to Farmers' requests to admit facts, Costello admitted, after the suit was filed, that she had arbitrated her damage claim under the uninsured motorist coverage provision of its insurance policy which resulted in a $135,000 award in her favor. She further admitted that Dr. Dover Roth, her psychiatrist, testified at the arbitration hearing about her care and treatment at Forest Hospital. His bill and the Forest Hospital bill were introduced into evidence at the arbitration hearing. Costello further admitted that she had entered into a trust agreement and release with Farmers and that she had cashed a draft for $133,655 representing consideration paid for the trust agreement and release, less a small amount deducted for certain medical care providers' liens.

Farmers then moved for summary judgment on the ground that the no duplication of benefits provisions of its policy precluded Costello from pursuing an action under the medical expenses provisions of that policy for recovery of the same medical expenses that she had submitted in arbitration of her damages claim under the policy's uninsured motorist coverage. In support of its position Farmers cited the following policy language:

"PART II—UNINSURED MOTORIST
Coverage C—Uninsured Motorist Coverage

\* \* \*

We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the injured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

Determination as to whether the injured person is legally entitled to recover damages or the amount of damages shall be made by agreement between the insured person and us. If no agreement is reached, the decision will be made by arbitration.

PART III—MEDICAL

Coverage E—Medical Expense Coverage

We will pay reasonable expenses incurred within three years from the date of accident for necessary medical services and funeral expenses because of bodily injury sustained by an insured person.

Limits of Liability

* * *

9. No Duplication of Benefits

Any amount paid under Coverage E Medical Expense Coverage will be applied against any other coverage of this policy applicable to the loss so that there is no duplication of Coverage E benefits. In no event shall a coverage limit be reduced below any amount required by law."

Costello moved for summary judgment against Prudential and attached in support of the motion, Dr. Roth's and Forest Hospital's bills and also Dr. Roth's evidence deposition. She admitted that Prudential had paid some of those expenses and sought to recover the unpaid balance.

Costello also moved for summary judgment against Farmers seeking to recover from Farmers not only the medical expenses related to the accident that Prudential had not paid, but also those that it had paid.

The court denied Costello's motion and granted Farmers' motion for summary judgment and this timely appeal followed. The sole question presented for review is whether the language in Farmers' policy precluding duplication of benefits prevents Costello from recovering under the medical expense provisions the medical expenses incurred at Forest Hospital that were submitted to arbitration under the uninsured motorist provisions of the policy. We affirm the judgment of the trial court.

It is proper for the trial court to grant summary judgment where the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c) (now 735 ILCS 5/2—1005(c) (West 1992)).) The purpose of summary judgment is not to try an issue of fact, but to determine whether a triable issue of fact exists. (*Hindo v. University of Health Sciences/Chicago Medical School* (1992), 237 Ill. App. 3d 453, 604 N.E.2d 463.) While a party need not prove his case in opposing summary judgment, she must provide a factual basis which would arguably support an entitlement to judgment. *Fuentes v. Lear Siegler, Inc.* (1988), 174 Ill. App. 3d 864, 529 N.E.2d 40.

In the case at bar, Costello has failed to present a factual basis that would arguably entitle her to judgment against Farmers. At the time the trial court granted Farmers summary judgment it was undisputed that Costello had previously submitted the Forest Hospital medical expenses in arbitration under the uninsured motorist coverage of her father's insurance policy that she sought to recover in count I of her separate action against Farmers. Under the above-quoted provision of the Farmers' policy barring duplication of benefits, she could not recover those medical expenses to the extent they had been paid under the uninsured motorist coverage. The arbitration award determined her damages and greatly exceeded the medical expenses claimed in the separate action against Farmers. Moreover, Farmers had paid the award. These medical expenses had been submitted in arbitration and to the extent the arbitrators determined that they were caused by the accident, they were awarded as part of the damages she was legally entitled to recover under the uninsured motorist coverage provisions of the policy. If, on the other hand, the arbitrators had determined that some or all of these medical expenses were not caused by the accident, she could not recover them in a separate action under the medical expenses provisions of the policy.

The law, in the absence of proof of fraud, will presume that the arbitrators considered all the evidence and allowed such items to the respective parties as they considered proven. Their finding, like that of a court, must be regarded as embracing all matters submitted to them and must stand as conclusive of the rights of the parties. (*Hadaway v. Kelly* (1875), 78 Ill. 286.) The supreme court declared in *Stearns v. Cope* (1884), 109 Ill. 340, that where a controversy submitted to arbitration contains interrelated claims and cross-claims for money damages, it is not necessary for the award to show how each item of the parties' respective demand was resolved. (*Stearns*, 109 Ill. 340.) Rather, "[t]he awarding of a gross sum of money in such case will be presumed to be a complete adjustment of all matters of difference." (*Stearns*, 109 Ill. at 348.) This principle was followed in *Edward Electric Co. v. Automation, Inc.* (1992), 229 Ill. App. 3d 89, 593 N.E.2d 833, where the court stated: "The presumption exists that the arbitrators considered all of the claims raised by each of the parties in determining their award. There is no requirement, either in the law or in the parties' arbitration agreement, that the award had to set out specific findings on each separate claim." *Edward Electric*, 229 Ill. App. 3d at 100.

In granting the motion for summary judgment, the trial court reasonably interpreted the policy language set forth above as

entitling Costello to recover for medical expenses under the policy only those sums awarded by the arbitrators that Farmers had already paid to her in satisfaction of her uninsured motorist claim.

The primary purpose in construing an insurance contract is to give effect to the intention of the parties as expressed in the agreement. (*De Los Reyes v. Travelers Insurance Cos.* (1990), 135 Ill. 2d 353, 553 N.E.2d 301.) When the provisions of an insurance policy are clear and unambiguous, it is the duty of the courts to enforce the policy as any other contract according to its plain meaning as written. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203.) Construction of the terms of an insurance policy is a question of law properly decided on a motion for summary judgment. *Librizzi v. State Farm Fire & Casualty Co.* (1992), 236 Ill. App. 3d 582, 603 N.E.2d 821.

The Farmers policy provides that matters are to be submitted to a three-person arbitration panel if an insured and it do not agree as follows:

> "The arbitrator [*sic*] shall determine (1) the existence of the operator of an uninsured motor vehicle, (2) that the insured person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle, and (3) the amount of payment under this part as determined by this policy or any other applicable policy."

The arbitrators' award was $135,000 and the Forest Hospital medical expenses were submitted as a part of the arbitration proceedings. Under those circumstances, the provisions of the policy provide that the medical expenses, to the extent they were recoverable at all, were included in the arbitration award.

Arbitration is a favored forum for recovery of damages for injuries from an accident with an uninsured motorist. See *Drinane v. State Farm Mutual Automobile Insurance Co.* (1992), 153 Ill. 2d 207, 606 N.E.2d 118.

It is undisputed that Costello agreed to submit her claim to arbitration to determine the damages to which she was entitled as a result of the accident. She has not claimed that the arbitration award was inadequate, nor has she sought to vacate the award, but rather, she executed a release in exchange for payment of the award.

Costello relies on *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272, 592 N.E.2d 1031, in support of her contention that she may recover the Forest Hospital expenses in this action notwithstanding the fact that they were submitted as part of the arbitration claim. We think her reliance on *Hoglund* is misplaced. In *Hoglund*, plaintiff was injured by two tortfeasors. One was an un-

insured motorist and the other was an underinsured motorist. The underinsured motorist had bodily injury limits of $100,000, which the carrier paid to plaintiff. Plaintiff had a policy with defendant, State Farm Automobile Insurance Company (State Farm), which provided uninsured motorist coverage with policy limits of $100,000. Plaintiff alleged and it was assumed in *Hoglund* that her damages exceeded $200,000, more than the limits of coverage under both policies.

State Farm's policy contained a setoff clause stating that the amounts payable under the uninsured motorist coverage would be reduced "by or for any person or organization who is or may be held legally liable for the bodily injury to the insured." (Emphasis omitted.) (*Hoglund*, 148 Ill. 2d at 275.) Relying on the policy language and section 143a(4) the Illinois Insurance Code (215 ILCS 5/143a (West 1992)), State Farm argued that since plaintiff had already received $100,000 from a legally liable party, it was entitled to reduce its uninsured motorist coverage by $100,000, and that it, therefore, owed plaintiff nothing because its coverage did not exceed plaintiff's settlement with the underinsured tortfeasor. In rejecting State Farm's argument, the supreme court noted that the public policy underlying the uninsured motorist coverage statute is to place the insured injured party in substantially the same position in which that party would have been if the uninsured driver had been insured. In *Hoglund*, the court further observed that if both tortfeasors had been insured, plaintiff could have recovered from each of them.

In *Hoglund*, the court had to assume at the pleading stage that plaintiff's damages exceeded the available coverage and that, therefore, no double recovery was possible. In the case at bar, in contrast, a panel of arbitrators had already determined Costello's damages to be $135,000, an amount which did not exceed her uninsured motorist coverage and which was much less than the combined limits of uninsured motorist and medical coverages. In this case the purpose of the uninsured motorist coverage is not frustrated by preventing Costello from collecting the same medical expenses in a separate action that she submitted and recovered completely or in part in the arbitration award.

Further evidence of the fact that the double coverage limitation was properly applied and does not frustrate public policy in the case at bar is that Costello's net recovery was several times in excess of the statutory minimum limits of financial responsibility at the time of the accident and the total Farmers policy coverages were far more than her damages as determined in arbitration. Under these circumstances we do not interpret *Hoglund* as requiring that Costello re-

cover the Forest Hospital expenses wholly or partly in duplicate. An insurer is still entitled to a credit to the extent necessary to prevent a double recovery where the policy contains this limitation and the trial court was correct in enforcing it. *Hoglund*, 148 Ill. 2d at 280-81. See also *Banes v. Western States Insurance Co.* (1993), 247 Ill. App. 3d 480, 616 N.E.2d 1021.

Costello's argument that because she paid separate premiums for uninsured motorist coverage and for medical expense coverages, she is entitled to a double recovery is also unpersuasive. Separate premium payments do not *per se* entitle an insured to double recovery. The insured is still bound by the terms of the coverage. In *Stryker v. State Farm Mutual Automobile Insurance Co.* (1977), 74 Ill. 2d 507, 386 N.E.2d 36, the supreme court said:

> "[W]e are not persuaded by the contention that plaintiff, having paid a premium for uninsured motorist coverage, is therefore entitled to recover. The policy, like all others, is a contract between the company and the policyholder, the benefits of which are determined by the terms of the policy purchased insofar as those terms are not contrary to public policy." *(Stryker*, 74 Ill. 2d at 513.)

The principle set forth above is equally applicable to Costello's purchase of medical coverage. Premiums are computed on the basis of coverage provided and payment of a separate premium for each coverage does not thereby permit a double recovery. To hold otherwise would be to write the limitation on duplication of benefits provision out of the policy. *Hoglund* does not require that result.

Finally, Costello complains that the trial court's ruling, granting Farmers' motion for summary judgment, granted Farmers a declaratory judgment on the issue of whether the terms of the policy prevented double recovery of medical benefits, without the presentation of any pleadings framing the issue. We disagree and conclude from the record presented that Costello had ample opportunity to present evidence and argument on the double recovery of medical expenses issue.

Costello argues that based upon the pleadings filed by the parties, there were issues of material fact which precluded the entry of summary judgment in favor of Farmers. She identifies those fact issues as (1) whether her medical expenses were reasonable and necessary; (2) whether Farmers refused to pay those medical expenses; (3) whether those medical expenses were covered under Farmers' policy; and (4) whether she complied with the policy terms. Under the facts and circumstances presented here, however, Costello could not rely merely on her first amended complaint or the pleadings generally in

opposing summary judgment. See *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

Farmers filed its answer to Costello's first amended complaint before the arbitrators entered an award. At this stage of the proceedings Farmers was entitled to claim that Costello's hospitalizations for psychiatric care beginning 18 months after the accident were not causally related to the accident. Once, however, pursuant to agreement of the parties, Costello submitted those expenses from Forest Hospital in arbitration and Farmers paid her damages awarded by the arbitrators under the uninsured motorist coverage, it was not inconsistent for Farmers to argue in the later filed motion for summary judgment that Farmers was not required to pay them again if the arbitrators did award them and was not required to pay them at all if the arbitrators did not award them.

After the claim had been submitted to arbitration and the award paid by Farmers, the issue before the trial court was whether Costello's claim for payment of medical expenses from Forest Hospital under the medical expenses provisions of the policy was an attempt to recover in duplicate the same expenses she admitted to having submitted in arbitration. At that point in the proceedings her issues of disputed fact set forth above were irrelevant and not material to the policy limitation on the duplication of benefits. The issue then became whether she could attempt to recover them twice. The disputed issues of fact must be material to the essential elements of the defense in order to defeat a motion for summary judgment. *Solomon v. Baron* (1984), 123 Ill. App. 3d 255, 462 N.E.2d 756; *Librizzi v. State Farm Fire & Casualty Co.* (1992), 236 Ill. App. 3d 582, 603 N.E.2d 821.

Illinois law permits a defendant to file a motion for summary judgment even before an answer is filed, and an affirmative defense may be raised on the motion for summary judgment even though it was not raised in the answer. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) Farmers could have filed its motion for summary judgment without filing an answer to Costello's first amended complaint. Instead, Farmers elected to file an answer and attached a certified copy of the policy which contained the provision on limitation of duplication of benefits. Section 2—606 of the Illinois Code of Civil Procedure (735 ILCS 5/2—606 (West 1992)) provides that an exhibit attached to a pleading becomes part of the pleading for all purposes. (*Berg & Associates, Inc. v. Nelsen Steel & Wire Co.* (1991), 221 Ill. App. 3d 526, 580 N.E.2d 1198.) Costello had ample opportunity in her own motion for summary judgment and opposing responses to Farmers' motion to address the

issue of the policy's limitation on duplication of benefits. Farmers properly relied on the limitation contained in its policy attached as an exhibit to its answer both when it filed and the court granted its motion for summary judgment. See *Rognant v. Palacios* (1991), 224 Ill. App. 3d 418, 586 N.E.2d 686.

Until Costello arbitrated her uninsured motorist claim, she had not established her right to collect damages under the policy as a result of the auto accident. Her assertion, therefore, in the trial court that Farmers waived its right to rely on the duplication of benefits theory when it failed to raise this coverage issue in arbitration was not well taken. Since she has not, however, raised this argument in her brief, she has waived her right to present this theory at all. *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.

For the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

MURRAY and COUSINS, JJ., concur.