ROBERT RUDER *v.* WEST AMERICAN INSURANCE COMPANY.

[No. 1171 A 235. Filed March 21, 1972.]

*Bates and Ewers,* of Evansville, for appellant.

*McCray, Clark, Stratham & McCray,* of Evansville, for appellee.

ROBERTSON, P.J.—The daughter of the appellant-plaintiff (Ruder) was injured while riding as a passenger in an insured automobile owned by a third party. The third party's insurance carrier paid the medical expenses actually incurred by Ruder in the sum of $224.70. Ruder then made claim, under provisions of his policy, for an identical sum for the same expenses from his insurance company, West American. West American refused the claim based upon the "excess-escape" clause contained in the policy, which reads:

> "OTHER INSURANCE. If there is other automobile medical payments insurance against a loss covered by part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; *provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.*"

The insurance company's motion for summary judgment was sustained. The overruled motion to correct errors presents the issue of whether or not the "other insurance" clause in the policy of insurance which Ruder has with West American legally deprives Ruder from rceovering upon his claim. West American states the issue as to whether or not Ruder can have double recovery on his single claim.

The pertinent part of the uninsured motorist statute which plays a role in this case reads:

"MOTOR VEHICLE LIABILITY—NONINSURED VEHICLE COVERAGE—REJECTION IN WRITING.—No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14 [§ 47-1057], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." IC 1971, 27-7-5-1; Ind. Ann. Stat. § 39-4310 (Burns 1971.)

Two recent cases construing the "other insurance" or "excess-escape" clause as set out above, and its relationship to the quoted portion of the uninsured motorist statute, are *Simpson* v. *State Farm Mut. Auto Ins. Co.* (D.C.S.D. Ind. 1970), 318 F. Supp. 1152 and *Patton* v. *Safeco Insurance Company of America* (1971), 148 Ind. App. 548, 267 N. E. 2d 859. The essence of both cases is that the questioned clause is an attempt to limit the application of § 39-4310, thereby, being in derogation of the statute, is invalid and unenforceable. In both cited cases, the claimant did not receive

damages in excess of damages resulting from the injuries. Therein lies the distinguishing factor with the instant case where there was total and complete compensation for medical expenses.

In dealing with the question of allowing a second successful claim, after receiving reimbursement for actual medical expenses, one cannot escape the words of Judge Hoffman in the *Patton* case, *supra:*

"Our decision in this case should not be interpreted to mean that an insured is entitled to double recovery. The absolute limit of recovery in *all* cases is the amount of the damages sustained for personal injuries." 267 N. E. 2d, at p. 864.

In the same vein, Judge Beamer, in referring to the same legal situation, said:

"It is better construed to mean that plaintiff may not have a double recovery for the same expenses, but that he still may recover the full limits of liability under the proper circumstances." *Wittig* v. *United Services Auto Association* (D.S.N.D. Ind. 1969), 300 F. Supp. 679, 681.

The appellant having failed to produce authorities to sway this Court contrary to the holding of the *Patton* and *Wittig* cases, *supra,* the judgment of the trial court is affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 68.