ANNA D. CHAPLIN, Plaintiff-Appellant, *v.* P. KENNETH GEISER *et al.*, Defendants-Appellees.

Second District   No. 78-498

Opinion filed December 7, 1979.

Douglas Drenk, of Law Offices of A. E. Botti, of Wheaton, for appellant.

Wayne M. Cuchna, of Popejoy, Speer, Cuchna & Popejoy, of Wheaton, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Anna Chaplin, brought this action to recover for injuries sustained in a fall on property owned by defendants, Kenneth and Catherine Geiser. The Circuit Court of Du Page County entered summary judgment for defendants and plaintiff brings this appeal.

Plaintiff, who was 62 years old at the time of her injury, had been employed by the defendants as a part-time housekeeper for 13 years. Her duties included vacuuming, dusting, cleaning the bathrooms, washing floors, and doing the laundry. For the four years preceding plaintiff's

injury, defendants owned a small dog by the name of Fuji. The dog slept in the laundry room located directly off the kitchen. Plaintiff stated in her discovery deposition that the dog was not confined to the laundry room but was "pretty much free" to roam throughout the house. She stated further that the dog would frequently leave his toys on the floor of the family room and kitchen and that twice a day she would pick them up and return them to the laundry room. Plaintiff also stated that about once a day she would play with the dog by throwing him a tennis ball.

Plaintiff worked one day a week for defendants and was working in their home on December 30, 1975. After having cleaned other parts of the house, plaintiff began to work in the kitchen at approximately 2 p.m. She did the dishes, cleaned the appliances, and vacuumed and washed the kitchen floor. While cleaning the floor plaintiff found the tennis ball belonging to the dog and "tossed it to him." When the floor was dry plaintiff went into the laundry room, removed the ironing board and set it up in the middle of the kitchen. She immediately turned around and proceeded toward the laundry room to get the steam iron. After taking three or four steps from the ironing board plaintiff stepped on the tennis ball and fell, breaking her hip, fracturing her elbow, and severely injuring her right leg. Plaintiff stated that she did not look at the floor as she moved from the ironing board toward the laundry room and that her view of the floor was unobstructed.

Plaintiff filed a suit against defendants seeking to recover $25,000 for negligence. Defendants answered and on the basis of plaintiff's discovery deposition filed a motion for summary judgment arguing that plaintiff had assumed the risk of injury as a matter of law and that plaintiff was contributorily negligent as a matter of law. The trial court issued a memorandum decision on July 26, 1978, finding that plaintiff's action was barred by the doctrines of assumption of risk and contributory negligence. On August 4, 1978, plaintiff filed a motion for leave to file an amended complaint adding in a separate count a cause of action under section 16 of the Animal Control Act (Ill. Rev. Stat. 1975, ch. 8, par. 366 (liability of dog owners)). On August 7, the trial court entered an order granting defendants' motion for summary judgment. No ruling was made on plaintiff's motion to file an amended complaint. This appeal followed.

Plaintiff raises four issues on appeal: whether the trial court erred in considering the doctrine of assumption of risk when defendants failed to raise it as an affirmative defense in their answer, whether the trial court erred in finding as a matter of law that plaintiff assumed the risk of her injury, whether the trial court erred in finding as a matter of law that plaintiff was contributorily negligent, and whether the trial court erred in granting summary judgment for defendants without ruling on plaintiff's motion to file an amended complaint.

■■ ■ Plaintiff first argues that the trial court erred in considering the doctrine of the assumption of risk when defendants failed to raise it in their answer. Section 43(4) of the Civil Practice Act provides:

> "The facts constituting any affirmative defense, * * * and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, counterclaim, or third-party complaint, in whole or in part, and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply." (Ill. Rev. Stat. 1977, ch. 110, par. 43(4).)

This provision is designed to prevent unfair surprise at trial (*Economy Truck Sales & Service, Inc. v. Granger* (1965), 61 Ill. App. 2d 111, 116, 209 N.E.2d 1, 4) and is not meant to be a restriction on motions for summary judgment. Numerous cases hold that a trial court may consider an affirmative defense raised in a motion for summary judgment even if the defense was not raised in an answer. (*Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 803, 352 N.E.2d 310, 313; *Houser v. Michener* (1974), 20 Ill. App. 3d 391, 395, 313 N.E.2d 651, 655; *Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 839, 288 N.E.2d 905, 911; *Slone v. Morton* (1963), 39 Ill. App. 2d 495, 497, 188 N.E.2d 493, 494.) Thus we find no merit to plaintiff's first contention.

■■ It is generally recognized that an employer of domestic servants may be held liable for injuries caused by his negligence so long as the employee has not assumed the risk of the danger in question and is not himself guilty of contributory negligence. (Annot., 49 A.L.R.2d 317 (1956).) An employee assumes the risk when he voluntarily exposes himself to a "*specific*, known risk." Thus the doctrine of assumption of the risk is "not a preclusion of recovery against a plaintiff whose occupation inherently involves *general* risks of injury." (Emphasis added.) (*Court v. Grzelinski* (1978), 72 Ill. 2d 141, 149, 379 N.E.2d 281, 284.) Moreover, a plaintiff must not only be aware of the facts which create the danger, but he must comprehend and appreciate the danger itself. Prosser, Torts §68, at 447 (4th ed. 1971).

■■ Summary judgment is only appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1977, ch. 110, par. 57(3).) Summary judgment is to be awarded with caution so as not to preempt the right of a trial by jury or the right to fully present the factual basis for a claim. (*Cantu v. Utility Dynamics Corp.* (1979), 70 Ill. App. 3d 260, 263, 387 N.E.2d 990, 992.) In ruling on a

motion for summary judgment, the trial court must construe the pleadings, depositions, and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 167, 386 N.E.2d 862, 869.) Furthermore the question of assumed risk is usually and normally one for the jury. *Olsen v. Pigott* (1963), 39 Ill. App. 2d 191, 188 N.E.2d 361; *Stone v. Guthrie* (1957), 14 Ill. App. 2d 137, 144 N.E.2d 165; Prosser, Torts §68, at 447 (4th ed. 1971).

■■ Application of the foregoing principles to the instant case requires that the trial court's entry of summary judgment be reversed, and the cause be remanded for trial on the merits. It is undisputed that plaintiff was aware of the existence of defendants' dog and of this dog's propensity to scatter toys around the house. However we believe the trial court erred when it held that as a matter of law plaintiff comprehended and appreciated the specific dangers attendant to the dog and his toys. A jury could reasonably decide that plaintiff was unaware of these specific dangers and thus summary judgment should not have been granted.

■■ Similarly, the issue of contributory negligence is normally a jury question even when the facts are undisputed. (*Laflin v. Estate of Mills* (1977), 53 Ill. App. 3d 29, 368 N.E.2d 522; 28 Ill. L. & Prac. *Negligence* §268 (1957).) Plaintiff stated in her deposition that she did not look at the floor as she walked from the ironing board to the laundry room even though her view and path were unobstructed. The trial court ruled this admission sufficient to constitute contributory negligence as a matter of law. We disagree.

To find plaintiff guilty of contributory negligence the court had to find that plaintiff failed to exercise ordinary care for her own safety and that her negligence was the proximate cause of her injury. (*Burroughs v. McGinness* (1978), 63 Ill. App. 3d 664, 380 N.E.2d 37.) Plaintiff's failure to look at the floor does not constitute negligence per se. The obligation to look, as one component of the duty to exercise ordinary care, is imposed in those cases where the actor should reasonably anticipate danger. The failure to keep a proper lookout while driving an automobile, for example, is plainly negligence since the driver should reasonably anticipate danger at all times. The automobile accident cases relied upon by defendants are for that reason clearly distinguishable. (*Cf. Pantlen v. Gottschalk* (1959), 21 Ill. App. 2d 163, 157 N.E.2d 548.) The plaintiff in this case had just finished waxing the floor immediately prior to her fall and a jury could reasonably conclude that her failure to look was not unreasonable under the circumstances.

Defendants and the trial court have placed primary reliance on our decision in *Coselman v. Schleifer* (1968), 97 Ill. App. 2d 123, 239 N.E.2d 687. Indeed the facts in *Coselman* are in some ways similar to those in the

instant case. The plaintiff in *Coselman* was also a part-time housekeeper injured in the home of her employer. Plaintiff there tripped on a throw rug on a poorly lighted landing and fell down a steep set of basement stairs. While the jury found for plaintiff, the trial court entered judgment for defendants notwithstanding the verdict. The appellate court affirmed, holding that the plaintiff assumed the risk of her injury and was contributorily negligent as a matter of law.

We find, however, that the *Coselman* decision is not controlling and is clearly distinguishable. First and foremost the defect causing injury in the instant case was not a permanent or fixed physical characteristic which was clearly dangerous and known to plaintiff. A poorly lighted stairway with a throw rug is the kind of specific, known risk that a plaintiff, clearly aware of its existence, can be said to have assumed the risk of a possible fall. However a small dog and its play toys do not necessarily present an unambiguously dangerous situation. Also in *Coselman* the judgment notwithstanding the verdict was entered after a full presentation of the evidence and was not a summary judgment based only on the limited testimony contained in a deposition.

Accordingly we hold that the trial court erred in granting defendants' motion for summary judgment and thus the judgment below is reversed and this cause remanded for a full hearing. Having determined that this cause must be remanded, we need not discuss the trial court's failure to rule on plaintiff's motion for leave to amend her pleadings.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.