(No. 62835.—

JOAN STRZELCZYK *et al.*, Appellees, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

*Opinion filed September 17, 1986.*

328

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (James J. Hoffnagle and Roger LeRoy, of counsel), for appellant.

Joan Strzelczyk, of Chicago, *pro se* and for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Joan Strzelczyk and her parents, Raymond and Ann Strzelczyk, appealed from the judgment of the circuit court of Cook County entered in favor of defendant, State Farm Mutual Automobile Insurance Company, upon allowance of its motion for summary judgment. The appellate court reversed and remanded (138 Ill. App. 3d 346), and we allowed defendant's petition for leave to appeal (103 Ill. 2d R. 315(a)). The facts are un-

disputed.

On March 1, 1982, Joan and Ann Strzelczyk suffered bodily injuries while riding as passengers on a Chicago Transit Authority (CTA) bus. The CTA carried no medical-payment insurance coverage for persons injured while passengers on its buses. Plaintiff Joan Strzelczyk filed a claim for $4,022.76 under the medical-payments-coverage section of her automobile insurance policy, issued by defendant. Plaintiff Ann Strzelczyk filed a claim in the amount of $633.46, as the spouse of the named insured, her husband, Raymond, under the medical-payments-coverage section of his policy issued by defendant. Those claims were paid.

Subsequent to payment of the claims, Joan Strzelczyk filed a claim with defendant under her father's policy for $4,022.76 in reimbursement of medical expenses. Ann Strzelczyk filed a claim for $633.46 with defendant under her daughter Joan's policy for reimbursement of medical expenses. Both policies provided, in pertinent part, that defendant was liable for reasonable medical expenses as a result of accidental bodily injury sustained by the named insured, his or her spouse, or their relatives, while occupying a nonowned car. Defendant denied Joan's and Ann's second claims because it had already paid them the medical-expenses benefits sought. Plaintiffs filed suit for declaratory judgment, the parties filed cross-motions for summary judgment, and after extensive discovery, argument and filing of memoranda, the circuit court allowed defendant's motion and entered judgment.

Defendant has abandoned the contention made in the appellate court that the payment of the claims made as the insured (Joan) and as the spouse of the insured (Ann) had the effect of extending coverage to the CTA bus, thus making the policies excess coverage as to the second claim. Defendant concedes that the policies permit

"stacking" and provide excess coverage but argues that "even though medical payments coverages may stack to provide additional coverage, an insured is not entitled to collect more than the actual amount of medical expenses incurred." In support of its position it cites language in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, wherein the court held that plaintiff could recover medical expenses under three policies issued by a single insurer "not to exceed, however, the total damages sustained." 57 Ill. 2d 330, 337.

Plaintiffs contend that defendant "assumed two separate contractual obligations under two separate policies in return for two separate premiums." They assert that both policies clearly and unambiguously afford plaintiffs primary coverage and, had defendant intended otherwise, it could have added policy exclusions. Plaintiffs argue that they reasonably intended and expected to receive multiple medical-payments coverage in return for payment of multiple premiums.

It is defendant's theory that medical-payments coverage provided in automobile liability insurance policies is indemnity insurance and that therefore the recovery cannot exceed the amount of medical bills actually paid by the plaintiffs. In support of its argument defendant cites *Laurie v. Holland America Insurance Co.* (1961), 31 Ill. App. 2d 437, and *Damhesel v. Hardware Dealers Mutual Fire Insurance Co.* (1965), 60 Ill. App. 2d 279. The appellate court analyzed and rejected the rationale of *Laurie*; we agree with its comments (138 Ill. App. 3d 346, 351-54) and need not lengthen this opinion with a repetition of that discussion. *Damhesel* is not in point because it involves the issue of the validity of a subrogation clause. We note that in each of the appellate opinions cited, the court cited neither authority for the statement that a medical-payment clause was a contract of indemnity nor authority for the proposition that an in-

demnitee may not recover separately from two indemnitors for consideration.

Our decisions in *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, and *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, leave no question that the policies here may be stacked. The sole question presented, therefore, is whether the recovery is limited to the amount of the expenditure made on behalf of plaintiffs for medical services in connection with their injury. There is no indication in the opinion in *Glidden* whether the claim for medical expenses exceeded the limits of any one of the policies; it cannot be determined, therefore, whether the statement that the plaintiff's recovery was "not to exceed, however, the total damages sustained" was necessary to the opinion, and it is therefore *dictum*.

Our cases have consistently held that if a provision in a policy is ambiguous it should be construed in favor of the insured. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330.) Here, the insurer has issued to the insureds two separate policies providing for payment of medical expenses with no exclusion or limitation applicable to the facts here, and asks that we construe them to deprive each plaintiff of recovery under one policy.

In *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, the court said that in the payment of multiple premiums the insured must have expected to receive, and the insurer to provide, additional insurance benefits. Here, each plaintiff was an insured under each policy, neither of which contained a provision applicable here excluding or limiting full payment of medical expenses incurred. In *Squire* the court said:

"[W]hen an insurer attempts to limit its liability under the uninsured motorist provision of its policy, such limita-

332

tion must be construed liberally in favor of the policy-holder, and most strongly against the insurer." (69 Ill. 2d 167, 179.)

Required as we are to liberally construe an ambiguous provision in favor of the policyholder, we conclude that we should not read into these policies a limitation which they do not purport to include. In *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, the court, considering the possibility that, as the result of its holding, a plaintiff might be in a better position than if the wrongdoer had been fully insured, said:

"That, however, is not material as long as he pays for the coverage. The insured is better off because he paid additional premiums. If there is to be a 'windfall' in this situation, it should be to the insured, who paid the several premiums, rather than to the insurer, which collected them." (57 Ill. 2d 330, 336.)

We find that comment equally applicable here.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*