MICHAEL SALAZAR, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)  No. 1—88—2977

Opinion filed November 20, 1989.—Rehearing denied December 18, 1989.

Murphy & Murphy, of Chicago (Jerome T. Murphy, of counsel), for appellant.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (James J. Hoffnagle, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from a summary judgment for defendant in an action brought by plaintiff to recover medical payment benefits under certain policies of automobile insurance issued by defendant.

The plaintiff, Michael Salazar, while a pedestrian, was struck by a car and injured. As a result of his injuries, he incurred $28,418.15 in medical expenses. Defendant, State Farm Mutual Automobile Insurance Company (State Farm), had issued three policies of automobile

liability insurance to members of plaintiff's family, each of which provided medical payments coverage with limits of $25,000.

All three policies in issue contain the following provisions:

"(1). If There Are Other Medical Payments Coverages

\* \* \*

4. If other vehicle medical payments coverage applies to bodily injury sustained by a pedestrian, this coverage is excess.

(2). Medical Expenses

We will pay reasonable medical expenses, for bodily injury caused by accident, for services furnished within one year of the date of the accident. These expenses are for necessary medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices."

State Farm paid the entire amount of plaintiff's medical expenses, totalling $28,418.15. Of this sum, $25,000 was paid under policy No. 8333 896–13, issued to plaintiff's sister, and $3,418.15 was paid under policy No. 8419 237–13, issued to plaintiff's father. Defendant declined to pay the remainder of $21,581.85 under policy No. 8419 237–13 and the sum of $25,000 under policy No. 8498 043–13.

Plaintiff then brought this action seeking payment of the remaining $21,581.85 of medical coverage available under policy No. 8419 237–13 and $25,000 of medical coverage available under policy No. 8498 043–13 issued to plaintiff's father. The parties filed cross-motions for summary judgment, and following a hearing, summary judgment was entered in favor of defendant and against plaintiff. Plaintiff now brings this appeal.

Plaintiff's principal argument is that as the premiums had been paid on each of the three policies issued to members of his family, he was entitled to recover the full amount of the medical payments coverage under all three policies. He asserts that by retaining premiums on three separate policies while refusing to pay valid claims under the policies, State Farm has, in effect, been unjustly enriched. Plaintiff argues that as a named insured under each of the policies, he is entitled to "stack" the coverages under each policy, thereby recovering the full amount under each policy.

With respect to the exclusionary clause, plaintiff argues that the language is ambiguous and, therefore, under *Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11, 17, 389 N.E.2d 1150, and *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247, the clause must be construed in his fa-

vor so as to "stack" the primary coverage under each of the three policies. Plaintiff maintains that in other portions of the policy, State Farm explicitly limited its liability for multiple coverage, and if State Farm had desired to limit its liability to actual loss suffered or medical expenses incurred, it could have done so by the use of proper limiting language.

Plaintiff makes specific reference to section 3 of the policy, related to "other underinsured motor vehicle coverage," in which the language of the policy differentiates between coverage available on "policies issued by us to you" and coverage available "from other sources." He claims that defendant's failure to similarly differentiate which policy provides primary coverage for medical payments where there are multiple policies held by the insured is what creates an ambiguity here.

■ We have reviewed the provision to which plaintiff refers and disagree with plaintiff's assertion that the exclusionary clause in the three policies is ambiguous. While State Farm chose to differentiate between other coverage available from the same insurer and coverage available from other sources with respect to uninsured motor vehicle coverage, it chose not to use similar language with respect to medical expense payments. Defendant instead chose to provide a complete exclusion under each policy if other medical payments coverage was available under any other policies. It makes no difference, in fact, which of the three policies is regarded as the primary policy, because under the policies, all of plaintiff's medical bills would be covered up to the maximum coverage of $75,000. We do not believe that the medical payments limitation here is ambiguous, and therefore, plaintiff is not entitled to multiple recovery under the three policies.

The issue raised by the instant appeal was first addressed by Illinois courts in *Laurie v. Holland America Insurance Co.* (1961), 31 Ill. App. 2d 437, 176 N.E.2d 678. The plaintiff in *Laurie* had two policies of automobile liability insurance with the defendant insurance carrier. Both policies had medical payments coverage and a provision whereby the insurer agreed to pay all reasonable medical expenses incurred within a year of an accident. Both policies also contained a clause providing that " 'the insurance shall be excess over any other valid and collectible automobile medical payments insurance available to an insured under any other policy.' " *Laurie*, 31 Ill. App. 2d at 439.

The court in *Laurie* held that the insured was not entitled to be paid twice for the medical bills incurred, the basis for the court's opinion being that the policy was a contract of indemnity under which the insured was entitled to only one recovery. (*Laurie*, 31 Ill. App. 2d at

445, 449.) Plaintiff here contends, however, that the rationale of *Laurie* is no longer applicable in light of *Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1986), 113 Ill. 2d 327, 497 N.E.2d 1170.

While it is true that the court in *Strzelczyk* rejected the indemnity analysis of *Laurie* (*Strzelczyk*, 113 Ill. 2d at 330), *Strzelczyk* is factually distinguishable from the instant appeal. In *Strzelczyk*, the two claimants were injured on a CTA bus which did not have medical payments coverage for its occupants. The mother and daughter claimants resided in the same household and each had a policy of insurance with State Farm. Each claimant made a claim under her own and the other person's policy.

The clause intended to prevent double payment of medical bills provided:

"2. *** If a temporary substitute car, a non-owned car or a trailer has other medical payments coverage on it this coverage is excess."

The supreme court held that the claimants were entitled to the second recovery as neither policy contained a provision excluding or limiting full payments of any medical expenses incurred. *Strzelczyk*, 113 Ill. 2d at 331-32.

Unlike the policies involved in *Strzelczyk*, however, the policies involved here do contain an applicable limitation. The plaintiff was a pedestrian when he was hit by a car, and all three policies provide that if other vehicle medical payments coverage applies to the injuries sustained by a pedestrian, their respective medical payments coverage is excess. At the trial court observed, the clause in *Strzelczyk* focused upon coverage which would be afforded by the nonowned vehicle in which an insured was injured, whereas the clause in issue here focuses upon coverage available to an insured in his capacity as a pedestrian. Since the plaintiff was a pedestrian and since he has received full medical payment under one of the policies, we concur with the trial court's conclusion that defendant was liable only for the excess under the other two policies.

■■ Plaintiff's argument that denial of the full amount under each of the three policies disregards his right to "stack" his medical coverage is not well taken. Plaintiff's policies clearly do "stack" in that he received $25,000 under policy No. 8333 896—13 and the remaining $3,418.15 under policy No. 8419 237—13. The issue here is not whether the policies stack, but whether they entitle plaintiff to duplicate payment of his medical expenses.

This issue was addressed in *Glidden v. Farmers Automobile In-*

*surance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247. The court in *Glidden* considered whether medical payments coverage of $2,000 under each of three policies could be stacked to provide coverage of $6,000 and held that it could be stacked, but "not to exceed, however, the total damages sustained." (*Glidden,* 57 Ill. 2d at 337.) The view that stacking, while permissible, is limited to the recovery of actual damages is also supported by numerous cases from foreign jurisdictions. (See, *e.g., Ruder v. West American Insurance Co.* (1972), 151 Ind. App. 433, 434-35, 280 N.E.2d 68, 69; *Burns v. Employers' Liability Assurance Corp.* (1965), 205 Pa. Super. 389, 395, 209 A.2d 27, 31.) *Glidden* makes it clear that plaintiff's policies here can be stacked to the extent that they cover any medical expenses he may have incurred, up to the collective policy limits of $75,000, but not to the extent that they provide duplicate payments.

■ Plaintiff also contends that State Farm failed to plead the affirmative defense of an excess policy clause in its answer, thereby waiving the defense. Plaintiff cites section 2—613(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d)), which provides that any affirmative defense must be plainly set forth in the answer. The purpose of this provision is to prevent unfair surprise at trial; however, it does not place a restriction on motions for summary judgment. (*Chaplin v. Geiser* (1979), 79 Ill. App. 3d 435, 438, 398 N.E.2d 628.) Under Illinois law, a defendant may file a motion for summary judgment at any time, even prior to filing an answer, and numerous cases have held that an affirmative defense raised in such a motion is timely and may be considered even if not raised in defendant's answer. See, *e.g., Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1985), 138 Ill. App. 3d 346, 349, 485 N.E.2d 1230; *Chaplin v. Geiser* (1979), 79 Ill. App. 3d 435, 438, 398 N.E.2d 628.

■ Plaintiff also seeks attorney fees and costs pursuant to section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 767), which provides such relief upon a finding of vexatious and unreasonable delay in settling an insurance claim. On the record before us, we decline to award fees and costs, as we are not persuaded that defendant's defense of this matter in any way constituted vexatious and unreasonable conduct.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

MANNING, P.J., and BUCKLEY, J., concur.