PRISCILLA MONSALUD, Adm'r of the Estate of Paciano Monsalud, Deceased, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 2—90—0572

Opinion filed March 8, 1991.

Kevin J. Kawa, of Querrey & Harrow, Ltd., of Wheaton, and Victor J. Piekarski and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellant.

John B. Kincaid, of Mirabella & Kincaid, of Wheaton, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendant, State Farm Mutual Automobile Insurance Company, appeals from an order of the circuit court granting summary judgment in favor of plaintiff, Priscilla Monsalud, the administrator of the estate of her husband, Paciano, in a declaratory judgment action. Defendant raises one issue on appeal: whether the trial court erred in finding that plaintiff was entitled to both uninsured and underinsured motorist coverage and in not finding that plaintiff is only entitled to uninsured motorist coverage not to exceed $80,000. We affirm.

While driving a rental car, Paciano was killed as the result of an automobile accident caused by Robert Harris and Michael Carpenter. Harris had an insurance policy providing $20,000 per person in liability coverage, and Carpenter was uninsured.

Plaintiff filed a declaratory judgment action against defendant to determine whether the estate was entitled to both uninsured and underinsured motorist coverage under two of four separate policies defendant issued to plaintiff and her husband. Each policy provided identical uninsured and underinsured motorist coverage with limits of $100,000 per person and $300,000 per occurrence. Each policy covered a different vehicle owned by plaintiff and her husband. Plaintiff sought to recover $100,000 under the uninsured motorist coverage and $80,000 under the underinsured motorist coverage, since Harris had paid $20,000 to plaintiff.

Under the uninsured motorist coverage, the policy had the following limitation:

"The limits of liability are not increased because:

a. more than one vehicle is insured under this policy; or

b. more than one person is insured at the time of the accident." (Emphasis omitted.)

A similar limitation applied to the underinsured motorist coverage, except that in addition to the two limitations, the underinsured coverage would not be "increased because *** more than one underinsured motor vehicle is involved in the accident." (Emphasis omitted.)

Under a section with the heading, "When Coverages U [uninsured motorist] and W [underinsured motorist] Do Not Apply," the policy

further stated that "THERE IS NO COVERAGE UNDER COVERAGE W [underinsured motorist] IF THE UNINSURED MOTOR VEHICLE COVERAGE APPLIES TO THE ACCIDENT." Immediately following, the policy stated:

"If There Is Other Uninsured Motor Vehicle Coverage

1. Policies Issued By Us To You

If other uninsured motor vehicle coverage issued by us to you also applies to the insured's bodily injury, the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability." (Emphasis omitted.)

The limitation applicable when the insured had other underinsured motor vehicle coverage stated:

"1. Policies Issued By Us To You

If other underinsured motor vehicle coverage issued by us to you also applies to the insured's bodily injury, the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability." (Emphasis omitted.)

Based on these two paragraphs, defendant filed a motion for judgment on the pleadings, which was denied.

Plaintiff filed a motion for summary judgment, alleging that the following facts were uncontroverted: (1) Harris was underinsured, and Carpenter was uninsured; and (2) defendant accepted the premiums for uninsured and underinsured motorist coverage for all four policies. Plaintiff argued that there were no exclusions under the policies which would prevent plaintiff from recovering under the policies.

Defendant filed a cross-motion for summary judgment, arguing that the provision in the policies which precluded underinsured motorist coverage if uninsured motorist coverage applied tracked the language of section 143a—2(6) of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a—2(6)) which permits an insurer to limit coverage if an insured has more than one policy. According to defendant, plaintiff was limited to a single recovery of benefits under the uninsured motorist coverage. Defendant further argued that had it paid plaintiff $100,000 under the uninsured motorist coverage, it would be subrogated and entitled to recover the $20,000 paid to plaintiff by Harris' insurer. Thus, defendant concluded, plaintiff was entitled to, at most, $80,000.

The court denied defendant's motion for summary judgment and granted summary judgment in favor of plaintiff. The court found that there was coverage available under one of the policies in the amount of $100,000 of uninsured motorist coverage and, under a second pol-

icy, $80,000 of underinsured motorist coverage was available. Defendant's timely appeal followed.

Summary judgment is an appropriate means of disposing of a cause where, as here, there are no genuine issues of material fact. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112.) Construction of an insurance policy is a question of law which we may review *de novo*. *(Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 1021.) The rules of contract construction apply when interpreting insurance policies. *(Nationwide Mutual Insurance Co. v. Hecker* (1989), 183 Ill. App. 3d 13, 15.) Courts should seek to interpret contract provisions in accordance with the intent of the parties. *Heneghan v. State Security Insurance Co.* (1990), 195 Ill. App. 3d 447, 453.

Defendant contends that the trial court erred in applying the "premium rule," as discussed in *Maid v. Illinois Farmers Insurance Co.* (1981), 101 Ill. App. 3d 1065, and *Greenholt v. Inland National Insurance Co.* (1980), 87 Ill. App. 3d 638, 641. According to the premium rule, when premiums have been paid under separate policies, equity dictates that the claimant should be permitted to recover under more than one policy until he or she is fully indemnified. *(Maid,* 101 Ill. App. 3d at 1067.) Defendant argues that the premium rule is a rule of contract construction (101 Ill. App. 3d at 1067), and, since the policy here is unambiguous, defendant concludes that it was error to employ a rule of construction.

In support of its argument, defendant cites *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420. In *Menke,* the supreme court considered an antistacking clause which appeared under the heading " 'Other Automobile Insurance in the Company,' " which provided:

> " 'With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy.' " *(Menke,* 78 Ill. 2d at 423.)

The court noted that, if the clause at issue was ambiguous, it had to be construed in favor of the insured. *(Menke,* 78 Ill. 2d at 423.) The court concluded, however, that the clause was not ambiguous. Thus, the fact that the plaintiff had paid three separate premiums did not defeat the clear language of the antistacking clause. 78 Ill. 2d at 424-25.

According to defendant, the provision at issue in *Menke* is "substantially similar" to the provision at issue in the present case. Plain-

tiff correctly points out, to the contrary, that the clause at issue in *Menke* was an "other insurance" clause, whereas the provision here, "THERE IS NO COVERAGE UNDER COVERAGE W IF THE UNINSURED MOTOR VEHICLE COVERAGE APPLIES TO THE ACCIDENT," is not under the "other insurance" section of the policy.

We believe that the clause here is not similar to the clause at issue in *Menke*. However, that does not answer the question whether the policy here is unambiguous. Plaintiff argues that the above provision applies to situations where a policyholder seeks both uninsured and underinsured motorist coverage under the same policy. According to plaintiff, there is nothing in that paragraph to limit coverage when an insured has been issued four identical but separate policies.

In support of this interpretation, plaintiff refers to the limitations which fall under the sections regarding other coverage in policies issued by defendant. Those antistacking clauses limit recovery when "other uninsured motor vehicle coverage issued by [defendant] also applies" to the insured's injury, and when "other underinsured motor vehicle coverage" applies. Under plaintiff's interpretation, it does not matter whether those provisions are ambiguous or unambiguous since the result is the same: the limitation does not apply because plaintiff seeks only one uninsured motorist coverage and one underinsured motorist coverage. According to plaintiff, there is a gap in the exclusion into which plaintiff's injury falls.

■ To determine whether an ambiguity exists, we must examine the entire policy and interpret the pertinent parts in light of the whole document. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5.) A provision is ambiguous if it can have more than one reasonable meaning. (*Gibson v. Country Mutual Insurance Co.* (1990), 193 Ill. App. 3d 87, 90.) A provision which appears clear on its face may contain a latent ambiguity. (*Gibson*, 193 Ill. App. 3d at 90.) "[I]f a provision of an insurance contract can reasonably be said to be ambiguous it will be construed in favor of the insured." *Schnackenberg*, 88 Ill. 2d at 4.

■ The policy states that "[t]he limits of liability are not increased because[ ] more than one vehicle is insured under *this* policy; or more than one person is insured at the time of the accident," or because more than one underinsured motor vehicle was involved in the accident. (Emphasis added.) Recovery for both uninsured and underinsured motorist coverage under two separate policies does not contravene this limitation.

The provision which purportedly limits an insured to collecting only uninsured motorist coverage if underinsured coverage also ap-

plied is not under the "other insurance" section. Rather, it is immediately preceded by the following language:

"THERE IS NO COVERAGE UNDER COVERAGES U AND W [uninsured and underinsured motorist coverage]:

\* \* \*

FOR BODILY INJURY TO AN INSURED:
a. WHILE OCCUPYING, OR
b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER *THIS* POLICY." (Emphasis omitted and added.)

This would indicate to an insured that the inapplicability of underinsured motorist coverage when uninsured motorist coverage applied was limited only to recovery under "this" policy. In addition, the "other insurance" limitations apply when an insured seeks to stack the same type of coverage. We believe that, when read as a whole, the limitation provisions reasonably can be interpreted to have two different meanings: (1) that underinsured motorist coverage does not apply if uninsured motorist coverage applies under the same policy; or (2) that underinsured motorist coverage does not apply if uninsured motorist coverage applies to an accident, regardless of whether the insured has other policies issued by defendant. We therefore conclude that the policy is ambiguous.

We disagree with defendant's assertion that there is no underinsured motorist coverage if the uninsured motorist coverage applies to the accident even when the insured holds more than one policy issued by defendant. Defendant insists that its interpretation is the correct one because the policy contains no limitation that the provision is meant to apply only where claims are made for uninsured and underinsured motorist coverage under the same policy.

■ It is well established that, if an insurance policy provision is ambiguous, it should be construed in favor of the insured. (*Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1986), 113 Ill. 2d 327, 331; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336.) Defendant has ignored the rule that the applicability of a limitation clause must be clear and free from doubt, and any doubt will be resolved in favor of the insured. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1989), 193 Ill. App. 3d 1087, 1098.) Courts "should not read into these policies a limitation which they do not purport to include." (*Strzelczyk*, 113 Ill. 2d at 332.) If the insurer does not explicitly state the limitation, and there is an ambiguity, courts have the duty to construe the policy in

favor of coverage (*Radovanov v. Land Title Company of America, Inc.* (1989), 189 Ill. App. 3d 433, 438) and to not imply limitations (*Strzelczyk*, 113 Ill. 2d at 332).

■ There is nothing in the policy which expressly precludes coverage for both underinsured and uninsured motorist coverage when the insured makes each claim under a different policy issued by defendant. Thus, construing the policy in favor of the insured, we conclude that the trial court properly found that plaintiff could recover under both the uninsured and underinsured motorist coverage.

■ Finally, defendant argues that it is subrogated to and entitled to recover the $20,000 plaintiff has received from the underinsured driver. Defendant bases this claim on the provision which provides that, under the uninsured motorist coverage, defendant is subrogated to the extent of its payments of the proceeds of any settlement recovered from the liable party.

Defendant's argument is not persuasive. First, the clause on which defendant relies is for "[a]ny amount payable under [the uninsured motorist] coverage." The amount payable under the uninsured motorist coverage will only be reduced from amounts paid by the uninsured driver, since such payments will be made based on that driver's lack of insurance. The $20,000 was not paid by the uninsured driver, and, therefore, this provision is inapplicable.

Second, since the money was recovered from the underinsured driver, the subrogation clause of that coverage applies. That clause states "[a]ny amount payable under [the underinsured motorist coverage] shall be reduced by any amount paid or payable to or for the insured under any worker's compensation, disability benefits or similar law." Since this was a settlement from the underinsured tort-feasor, defendant is not entitled to subrogation. Instead, the provision credits defendant for any payments made by the underinsured driver via the policy provision that the most defendant must pay under the underinsured motorist coverage "will be the lesser of[] the difference between the limits of *** this coverage, and the amount paid *** by or for any person *** legally liable" for the injury; or the difference between the amount of the insured's damages for bodily injury and that paid by the responsible party.

We therefore conclude that defendant is not entitled to a subrogation of the $20,000. Defendant will only have to extend $80,000 in underinsured motorist coverage. If plaintiff recovers anything from the uninsured driver, then defendant may be subrogated under the uninsured motorist coverage for the amount paid by the uninsured driver.

We affirm the order of the trial court finding that the plaintiff is entitled to $100,000 in uninsured motorist coverage under one policy and $80,000 in underinsured motorist coverage under the second policy.

The judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT and GEIGER, JJ., concur.