YOUNG PAHN, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)   No. 1—96—4352

Opinion filed August 7, 1997.

Topper & Weiss, Ltd., of Chicago (Sherwin Greenberg, of counsel), for appellant.

Frank C. Stevens, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellee.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

The question we are asked to resolve is whether an insurance

company is entitled to enforce a provision of its policy that prohibits recovery of underinsured motorist benefits (UIM) when uninsured motorist benefits (UM) have been recovered for the same accident and on the same policy by the same person.

Plaintiff Young Pahn brought a declaratory judgment action seeking a declaration that she was entitled to recover UIM benefits in addition to the UM benefits she was awarded under a policy of insurance issued by State Farm Mutual Automobile Insurance Co. (SFM) to Pahn's husband. The trial court granted SFM's motion for summary judgment in its favor. Pahn now brings this appeal. We affirm the trial court's judgment.

## FACTS

On March 27, 1994, Pahn was a passenger in a car driven by her husband. The car was struck by an automobile driven by William Buss (Buss). Pahn was injured in the accident. Both Buss and Pahn's husband were at fault.

Buss had liability insurance with a limit of $20,000 per person, the minimum liability insurance rate allowed by statute. 625 ILCS 5/7—203 (West 1996). This amount was paid to Pahn.

The automobile Pahn's husband was driving was covered by a SFM insurance policy purchased in his name. This insurance policy provided underinsured and uninsured motorist coverage with limits of $100,000 per person/$300,000 per occurrence.

Because an insured woman is legally entitled to recover from her tortfeasor husband under an uninsured motorist policy provision (see *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 592 N.E.2d 1031 (1992); *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384, 396 N.E.2d 528 (1979)), SFM paid Pahn $100,000 on her claim under the UM provision of her husband's policy.

In addition, however, to the UM benefits, Pahn claimed UIM benefits because Buss' policy limit of $20,000 was less than the UIM benefit limit in the SFM policy. SFM denied the claim, asserting that UIM coverage was unavailable pursuant to the terms of the policy. Specifically, SFM noted that section III, entitled "UNINSURED MOTOR VEHICLE—COVERAGE U, UNINSURED MOTOR VEHICLE—COVERAGE U1, AND UNDERINSURED MOTOR VEHICLE—COVERAGE W" states:

"THERE IS NO COVERAGE UNDER COVERAGE W IF THE UNINSURED MOTOR VEHICLE COVERAGE APPLIES TO THE ACCIDENT."

Pahn filed a declaratory judgment action in the circuit court to determine the limits of coverage under the SFM policy. SFM moved

for summary judgment based on the above-quoted policy exclusion. Pahn moved for summary judgment, claiming that she was entitled to UIM benefits because the provision was ambiguous and against public policy.

The trial court granted SFM summary judgment and Pahn appeals.

OPINION

On appeal, Pahn acknowledges the presence of the exclusionary or "anti-stacking" provision in the policy of insurance issued to her husband, but she reasserts that the provision is ambiguous, that it defeats the insured's reasonable expectations, and that the provision is against public policy. None of these claims is persuasive.

■ An insurance policy should be enforced as written, unless the policy provision is ambiguous or contravenes public policy. *Gibbs v. Madison Mutual Insurance Co.*, 242 Ill. App. 3d 147, 610 N.E.2d 143 (1993). If a provision is ambiguous, it must be construed in favor of coverage for the insured. *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 280, 592 N.E.2d 1031 (1992); *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420, 401 N.E.2d 539 (1980). But, if it is not ambiguous, the fact that the policy includes "anti-stacking" clauses is not *per se* violative of public policy. *Menke*, 78 Ill. 2d at 425 (now codified in section 143a—2 of the Illinois Insurance Code (215 ILCS 5/143a—2 (West 1996))).

■ When determining whether an ambiguity exists, the provision must be read in its factual context. *Gibbs*, 242 Ill. App. 3d at 152. Ambiguities may be revealed in the terms used, in view of the particular circumstances involved. *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 620 N.E.2d 355 (1993).

In *Monsalud v. State Farm Mutual Automobile Insurance Co.*, 210 Ill. App. 3d 102, 568 N.E.2d 969 (1991), a provision identical to the provision at issue in this case was held to be ambiguous. However, the factual framework was different in *Monsalud*.

In *Monsalud*, State Farm Mutual issued four separate insurance policies to the insured, who was claiming both UM and UIM benefits. The insured claimed, and the court agreed, that the anti-stacking clause served only to limit double recovery *under the same policy*. "[N]othing in the policy *** expressly preclude[d] coverage for both underinsured and uninsured motorist coverage *when the insured [made] each claim under a different policy issued by [SFM]*." (Emphasis added.) *Monsalud*, 210 Ill. App. 3d at 109.

■ That is not the case here. In this case, Pahn had only one policy issued by SFM. The factual circumstances of this case do not

give rise to an ambiguity. The insurer is entitled to enforcement of the unambiguous anti-stacking provision. This is what the parties to the insurance contract agreed to. Double recovery is not a reasonable expectation of the insured. *Costello v. Illinois Farmers Insurance Co.*, 263 Ill. App. 3d 1052, 636 N.E.2d 710 (1993).

Nor can it fairly be claimed that enforcement of the exclusionary provision is against public policy. The Illinois Insurance Code expressly allows insurance companies to include anti-stacking provisions in their policies.

Section 143a—2(5) provides:

"Nothing herein shall prohibit an insurer from setting forth policy terms and conditions which provide that if the insured has coverage available under this Section under more than one policy or provision of coverage, any recovery or benefits may be equal to, but may not exceed, the higher of the applicable limits of the respective coverage, and the limits of liability under this Section shall not be increased because of multiple motor vehicles covered under the same policy of insurance. *** Notwithstanding the provisions of this Section, an insurer shall not be prohibited from solely providing a combination of uninsured and underinsured motorist coverages where the limits of liability under each coverage is in the same amount." 215 ILCS 5/143a—2(5) (West 1996).

The legislature has specifically allowed for the possibility that uninsured and underinsured motorist benefits may be combined and recovery limited to the higher of the two respective coverages. The exclusionary clause is not against public policy.

"Nor will we override the clear result because separate premiums have been paid" for the two types of coverage. *Hall v. Burger*, 277 Ill. App. 3d 757, 762, 660 N.E.2d 1328 (1996). The "premium rule" does not apply when the contract provision is unambiguous. *Grzeszczak v. Illinois Farmers Insurance Co.*, 168 Ill. 2d 216, 228, 659 N.E.2d 952 (1995).

For the reasons stated above, the circuit court order granting State Farm Mutual Automobile Insurance Company summary judgment in its favor is hereby affirmed.

Affirmed.

McNAMARA and CERDA, JJ., concur.