## WEST AMERICAN INSURANCE CO.

### v.

### YANCHICK.

#### No. 99 C 4718.

United States District Court,
N.D. Illinois,
Eastern Division.

April 3, 2000.

---

Robert Marc Chemers, Donald J. Kindwald, Pretzel & Stouffer, Chtd., Chicago, IL, for plaintiff.

Kevin Barry Rogers, Kevin Rogers & Associates, Kurt D. Hyzy, Robert J. Biswurm, Jason E. Crowe, Robert J. Biswurm & Associates, Chicago, IL, for defendants.

ZAGEL, District Judge.

This is an insurance coverage dispute. Margaret Yanchick took her son Matthew Yanchick waterskiing. She drove the boat over him and injured him. Her son demanded damages. She is insured by West American Insurance Company which agrees it would have to pay under the pleasure boat coverage of its policy save for the fact that it excludes any liability which arises from the injury to a family member. Family member exclusions, intended to prevent collusive claims, are, of course, overinclusive, barring both collusive and honest claims but they have been upheld in some contexts. *Safeco Ins. Co. v. Seck*, 225 Ill.App.3d 397, 167 Ill.Dec. 636, 587 N.E.2d 1251 (1992); *Schanowitz v. State Farm Mutual Auto. Ins. Co.*, 299 Ill.App.3d 843, 234 Ill.Dec. 289, 702 N.E.2d 629 (1998). There is statutory law which limits the effect of family member exclusions when a non-family member third party acquires a right of contribution against a member of the injured person's family or when a family member was not driving the insured vehicle. 215 ILCS 5/143.01.

The uninsured boater coverage does not work either because Margaret Yanchick is a "covered person" under the policy and cannot be, under the explicit terms of the policy, an "uninsured owner or operator." Were the accident to have arisen from the use of an automobile, the answer would be different because Illinois law requires uninsured motorist coverage regardless of the policy exclusions. 215 ILCS 5/143a represents state policy and it has been broadly construed to render unenforceable provisions which exclude liability for injury inflicted by the insured's own car (when driven by another) or which exclude liability for injury inflicted on the insured's family members. *Barnes v. Powell*, 49 Ill.2d 449, 275 N.E.2d 377 (1971); *Kerouac v. Kerouac*, 99 Ill.App.3d 254, 54 Ill.Dec. 678, 425 N.E.2d 543 (1981). But the statute by its terms applies only to vehicles "designed for use on public highways." This does not include (non-amphibious) boats.

Matthew Yanchick does not argue that unambiguous family exclusions are against public policy. Nor does he dispute that Illinois law invalidating certain restrictions on uninsured motorists does not apply to boats. His argument is that, by excluding coverage for the injury to her

son (which the insurer can do) then the insurer is defining Margaret Yanchick as uninsured for purposes of the policy and, for this reason, cannot deny uninsured coverage.[1] Put another way, this is an ambiguity which makes the enforcement of both exclusions improper. Ambiguity in exclusions may void them. *Pahn v. State Farm Mutual Auto. Ins. Co.*, 291 Ill.App.3d 343, 225 Ill.Dec. 469, 683 N.E.2d 972 (1997). The argument for coverage is that the policy contradicts itself because Margaret Yanchick cannot be both "uninsured" and a "covered person," yet to prevail the insurer must show that both of these things are clearly and unambiguously true.

■ I think the insurer wins. Essentially, the policy is designed to exclude coverage whenever an insured injures a family member. It says so in clear English in its basic exclusions and I doubt that Margaret Yanchick could (if she read the policy) have believed that injuring her own son would be covered under the policy. The not-very-fancy footwork in the uninsured operator clause is designed to effectuate the basic agreement that the insurer would not pay when the insured injures her own kin. This is a clear family exclusion provision and all the policy does is close the uninsured operator exception that might arguably apply. There is no inherent ambiguity between the use of the word "covered person" to apply to the very same individual who might also be deemed to be "uninsured" in one sense of the word. Indeed, it is quite clear that the policy does not apply both labels to Margaret Yanchick. The policy's final definition of "uninsured" simply is not applicable to Margaret Yanchick. She is not uninsured. She is a covered person whose actions do not come within the ambit of uninsured owner and operator insurance and whose coverage does not extend to injuries she regretfully inflicted upon her son.

The plaintiff's motion for judgment on the pleadings against both defendants is granted and Matthew Yanchick's motion for summary judgment is denied.

---

1. An uninsured owner or operator under the policy is one to whom no watercraft bodily injury policy applies at the time of the accident which cannot fairly be said to include Margaret Yanchick. But the uninsured also includes a person with a policy but whose insurer "denies coverage." This looks a lot like Margaret Yanchick. But the clause in question also adds, at its end, "However, 'uninsured owner or operator' does not include any covered person ..." Another paragraph of the policy says to Margaret Yanchick that "'covered person' means...you." Matthew, as a family member, is also a covered person.